■ JEAN A. FERRIZZ, as Administratrix of the Estate of MICHAEL T. FERRIZZ, Deceased, Respondent, v ROBERT JAHELKA et al., Defendants and Third-Party Plaintiffs-Respondents. ROB ROY LOUNGE, Third-Party Defendant-Appellant.— In an action to recover damages for wrongful death, the third-party defendant appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated July 25, 1985, which (1) granted the motion of the plaintiff to reargue a prior motion to amend her complaint by adding a direct cause of action against the third-party defendant and (2) upon reargument, in effect vacated and recalled an order of the same court dated March 22, 1984, which had denied the plaintiff's prior motion to amend the complaint, and granted the plaintiff's motion.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff's motion to reargue, based on an intervening change in the law *(see, Cucuzza v Vaccaro,* 109 AD2d 101, *affd* 67 NY2d 825), was made in July 1985 prior to the order of this court dated October 2, 1985, which dismissed plaintiff's appeal from the order of Special Term dated March 22, 1984, on the ground of lack of prosecution. This crucial fact clearly distinguishes the case at bar from the decisions in *Bray v Cox*

(38 NY2d 350) and *Montalvo v Nel Taxi Corp.* (114 AD2d 494, *lv denied in part and dismissed in part* 68 NY2d 643), relied on by the third-party defendant. Accordingly, Special Term properly granted the plaintiff's motion for reargument *(Mosca v Pensky,* 41 AD2d 775; *Matter of William H. Van Vleck, Inc. v Klein,* 50 Misc 2d 622; Siegel, Practice Commentaries, Mc-Kinney's Cons Law of NY, Book 7B, CPLR C2221:8, pp 158-159), and upon reargument, correctly determined the plaintiff's motion on the merits. Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.