■ PATRICIA CHARBONNEAU, as Administratrix of the Estate of ROLAND CHARBONNEAU, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 75681.) (Claim No. 1) JANET DALTON, as Administratrix of the Estate of JACKSON C. DALTON, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 75682.) (Claim No. 2.)—Crew III, J. Appeal from an order of the Court of Claims (Benza, J.), entered October 30, 1990, which granted the State's motions to dismiss the claims.

On April 5, 1987 the New York State Thruway Authority Bridge over the Schoharie Creek in Montgomery County collapsed, causing the death of Roland Charbonneau and Jackson C. Dalton. As a result, claimants commenced the above claims against the State for wrongful death. The claims were filed with the Clerk of the Court of Claims and were served upon the Attorney-General by regular mail. The State answered, asserting the defense of lack of jurisdiction and

thereafter moved to dismiss the claims on that ground. Claimants opposed the State's motions and cross-moved for leave to file late claims pursuant to Court of Claims Act § 10 (6) and CPLR 205 (a). The Court of Claims granted the State's motions to dismiss and this appeal ensued. We affirm.

Service of the claims upon the Attorney-General by ordinary mail was insufficient to acquire jurisdiction over the State and they were, therefore, properly dismissed *(see, Bogel v State of New York,* 175 AD2d 493). Moreover, failure to properly commence the actions deprives claimants of the ameliorative tolling of the Statute of Limitations as provided for in CPLR 205 (a) *(see, Matter of Dreger v New York State Thruway Auth.,* 177 AD2d 762).

We reject claimants' argument that the State is estopped from asserting lack of jurisdiction. Claimants did not argue that issue in the Court of Claims and are thereby precluded from raising it on appeal *(see, Gunzburg v Gunzburg,* 152 AD2d 537). However, if we were to consider the issue we would find that estoppel is not available against the State as a matter of public policy *(see, Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369). Moreover, the State pleaded lack of jurisdiction as an affirmative defense which clearly put claimants on notice of the claimed jurisdictional deficiency, thereby precluding any assertion of estoppel.

Mahoney, P. J., Casey, Levine and Mercure, JJ., concur. Ordered that the order is affirmed, without costs. *[See,* 148 Misc 2d 891.]