[663 NYS2d 725]

NADINE BRAY et al., Respondents, v DAVID C. GLUCK et al., Appellants, et al., Defendant.

Third Department, November 6, 1997

APPEARANCES OF COUNSEL

*Francis J. Roche,* Hudson, for appellants.

*Allen C. Miller, Jr.,* Hudson *(David Seth Michaels,* Spencertown, of counsel), for respondents.

## OPINION OF THE COURT

WHITE, J.

At the time plaintiff Nadine Bray was injured as the result of a fall on a sidewalk in front of property owned by defendants David C. Gluck and Joanne Gluck (hereinafter collectively referred to as defendants) in the City of Hudson, Columbia County, section C32-3 of the City of Hudson Charter obligated property owners to keep the sidewalks abutting their lands in good repair and transferred liability from the City to the landowners for injuries caused by defective sidewalks. When plaintiffs commenced this negligence action, they did not allege that defendants violated this provision, relying on *Rooney v City of Long Beach* (42 AD2d 34, *appeal dismissed* 33 NY2d 897) which held that a similar charter provision was invalidated by Municipal Home Rule Law § 11 (1) (j). Subsequently, on March 28, 1995, defendants entered Supreme Court's order granting them summary judgment dismissing plaintiffs' complaint. Plaintiffs appealed, but before the appeal was argued in September 1996, the Court of Appeals on May 2, 1996 held that Municipal Home Rule Law § 11 (1) (j) does not prohibit local laws like section C32-3 of the City of Hudson Charter (*see, Hausser v Giunta,* 88 NY2d 449, 454). Despite this seeming significant change in the governing case law, plaintiffs did not seek reargument before Supreme Court or raise *Hausser v Giunta (supra)* before this Court. Instead, it was not until after we affirmed Supreme Court's order (232 AD2d 942, *lv dismissed* 89 NY2d 1023) that they attempted to bring *Hausser* to our attention by seeking reargument and leave to appeal to the Court of Appeals. Also, while this application was pending before us, plaintiffs sought reargument before Supreme Court which, finding there had been a significant change in the law it applied, granted reargument, vacated its prior order and

reinstated plaintiffs' action against defendants, prompting this appeal.*

The initial issue we confront is whether Supreme Court abused its discretion in granting reargument. Generally, a motion for reargument must be brought within the time to appeal (*see, Matter of Barnes [Council 82, AFSCME]*, 235 AD2d 826). Plaintiffs' failure to comply with this rule is not necessarily fatal since there are exceptions. For instance, insofar as interlocutory orders are concerned, the statutory time limits are not controlling (*see, Liss v Trans Auto Sys.*, 68 NY2d 15, 20; *Matter of Burns*, 228 AD2d 674, 675). Plaintiffs do not fall within this exception since Supreme Court's order granting defendants summary judgment was a final order, as it disposed of all the causes of action between the parties and left nothing for further judicial action (*see, Burke v Crosson*, 85 NY2d 10, 15).

Another exception is that a motion for reargument may be brought after the time to appeal has expired if a notice of appeal has been timely filed and the motion is brought prior to the submission of the appeal or at the latest before the appeal is determined, because at that point Supreme Court no longer has discretion to reconsider its order as it is then an order of the appellate court (*see, Bermudez v New York City Hous. Auth.*, 199 AD2d 356, 357; *Ferrizz v Jahelka*, 125 AD2d 537; *see also*, Siegel, NY Prac § 532, at 835 [2d ed]; 10 Carmody-Wait 2d, NY Prac § 70:251, at 256). Clearly, plaintiffs do not fit within this exception. We would also point out that, once the appellate process has been exhausted and absent the circumstances set forth in CPLR 5015, a final determination should remain inviolate even though it is predicated upon principles of law that have been overruled (*see, Matter of Huie [Furman]*, 20 NY2d 568, 572; *Deeves v Fabric Fire Hose Co.*, 19 AD2d 735, *affd* 14 NY2d 633).

In view of our analysis, we find that Supreme Court abused its discretion in this matter and, accordingly, reverse.

MIKOLL, J. P., CREW III, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and motion for reargument denied.

---

* We denied plaintiffs' application for reargument. Their motion before the Court of Appeals for leave to appeal was dismissed as moot following Supreme Court's order granting reargument (*Bray v Gluck*, 89 NY2d 1023, *supra*).