■ ARNOLD G. CHAPMAN et al., Appellants, v STATE OF NEW YORK, Respondent. [690 NYS2d 328] —Mercure, J. Appeal from a judgment of the Court of Claims (Bell, J.), entered March 3, 1998, upon a dismissal of the claim at the close of evidence for lack of subject matter jurisdiction.

Claimants commenced this action in January 1989 to recover for personal injuries allegedly sustained by claimant Arnold G. Chapman as the result of an assault and battery committed upon him by two State Troopers on October 23, 1988; the State answered in February 1989. On appeal, the only issue that we need consider is whether the Court of Claims erred in dismissing the claim for lack of subject matter jurisdiction based upon claimants' undisputed failure to file the claim or a written notice of intention to file a claim within 90 days following accrual of the claim, as required by Court of Claims Act § 10 (3). In view of the fact that the State did not raise any objection or defense based upon that failure in its answer, or by motion to dismiss, the outcome of the appeal turns on a determination as to the retroactive application of the 1990 amendment to Court of Claims Act § 11 (L 1990, ch 625, § 1), which added the provision that: "Any objection or defense based upon failure to comply with (i) the time limitations contained in [Court of Claims Act § 10], or (ii) the manner of service requirements set forth in [Court of Claims Act § 11 (a)] is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading, and if so waived the court shall not dismiss the claim for such failure" (Court of Claims Act § 11 [c]).

We conclude that Court of Claims Act § 11 (c) should not be applied retroactively in such a way as to bar the Court of Claims' dismissal of the claim in this action (*see, Scott v State of New York*, 204 AD2d 424, *lv denied* 84 NY2d 806; *Pelnick v State of New York*, 171 AD2d 734; *Charbonneau v State of New*

*York*, 148 Misc 2d 891, *affd* 178 AD2d 815, *affd* 81 NY2d 721). Notably, under the law in effect at the time the State served its answer, the State's failure to plead a defense or to move to dismiss the claim upon the ground of claimants' noncompliance with Court of Claims Act § 10 (3) effected no waiver of that jurisdictional defect; yet, based upon the subsequent change in law, claimants would have us impose that consequence retroactively. As correctly recognized by the Court of Claims in *Charbonneau v State of New York* (*supra*), procedural statutes (although generally given retroactive effect) will be applied in pending actions so as to affect only procedural steps taken after their enactment and not so as to destroy rights already accrued (*id.*, at 895; *see*, McKinney's Cons Laws of NY, Book 1, Statutes § 55, at 117-118; *McMaster v State of New York*, 103 NY 547, 554). In fact, "it takes a clear expression of legislative intent to justify a retroactive application of a procedural statute so as to affect proceedings previously taken in such actions" (McKinney's Cons Laws of NY, Book 1, Statutes § 55, at 117; *see*, *Simonson v International Bank*, 14 NY2d 281, 289), and the amendment at issue here, which took effect immediately on July 18, 1990 (L 1990, ch 625, § 2), is silent on the issue of retroactive or prospective application.

We are unpersuaded by claimants' contention that the circumstances underlying this case compel a departure from the Second Department's holding in *Scott v State of New York* (*supra*). In view of the fact that a failure to file a claim or notice of claim within the 90-day period constitutes a nonwaivable jurisdictional defect depriving the court of subject matter jurisdiction (*see*, *Scott v State of New York*, *supra*; *Pelnick v State of New York*, *supra*; *Dependable Trucking Co. v New York State Thruway Auth.*, 41 AD2d 985), the fact that the State may have "affirmatively disavowed any jurisdictional objections" is irrelevant. Further, estoppel is not available against the State as a matter of policy (*see*, *Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 369; *Charbonneau v State of New York*, 178 AD2d 815, 816, *supra*). Claimants' additional contentions are found to be similarly unavailing.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.