■ THOMAS MILLSON et al., Appellants, v ARNOT REALTY CORPORATION et al., Respondents. LORD & WATERS CONSTRUCTION COMPANY, INC., Third-Party Plaintiff, v J.D.S. CONSTRUCTION DIVISION, Third-Party Defendant-Respondent. [697 NYS2d 435] —Order unanimously affirmed without costs. Memorandum: Plaintiffs appeal from an order of Supreme Court that dismissed the Labor Law § 200 claim and common-law negligence cause of action against defendants. Plaintiffs contend that the court improperly vacated its earlier order denying that relief and should not have granted the motions for reargument on that claim and cause of action. While a motion to reargue ordinarily may not be made after the period for appealing the prior order has expired (*see generally*, Siegel, NY Prac § 254, at 414 [3rd ed], citing *Liberty Natl. Bank & Trust Co. v Bero Constr. Corp.*, 29 AD2d 627; *Matter of Barnes [Council 82, AFSCME]*, 235 AD2d 826), "a motion for reargument may be brought after the time to appeal has expired if a notice of appeal has been timely filed and the motion is brought prior to the submission of the appeal or at the latest before the appeal is determined" (*Bray v Gluck*, 235 AD2d 72, 74, *lv dismissed* 91 NY2d 1002; *see, Lachman v Lachman* [appeal No.

2], 258 AD2d 875; *Bermudez v New York City Hous. Auth.*, 199 AD2d 356, 357). That exception to the general rule applies here.

The court properly dismissed the Labor Law § 200 claim. It is undisputed that defendants did not supervise or control the activities of Thomas Millson (plaintiff). Plaintiffs contend, however, that defendant Lord & Waters Construction Company, Inc. had "the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Picciano & Son*, 54 NY2d 311, 317; *see, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352). We conclude that its use of the scarifier did not create the condition that caused plaintiff's injury (*cf., Goettelman v Indeck Energy Servs.*, 262 AD2d 958). Additionally, both the Labor Law § 200 claim and common-law negligence cause of action were properly dismissed because defendants and third-party defendant established that the "alleged hazardous condition was readily observed and known to plaintiff before his accident", and plaintiffs failed to raise an issue of fact (*Pasquale v City of Buffalo*, 255 AD2d 874, 875; *see, Shandraw v Tops Mkts.*, 244 AD2d 997, 998). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Reargument.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.