Kern v City of Rochester (2004 NY Slip Op 24126)

Kern v City of Rochester

2004 NY Slip Op 24126 [3 Misc 3d 948]

April 20, 2004

Supreme Court, Monroe County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 14, 2004

[*1]
Wendy L. Kern, Plaintiff,
v
City of Rochester et al., Defendants.
Supreme Court, Monroe County, April 20, 2004

APPEARANCES OF COUNSEL

Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester (Matthew J. Fusco of counsel), for Local 1071, IAFF, International Association of Firefighters, defendant. Redmond & Parrinello, Rochester (John M. Parrinello of counsel), for Daniel Cavuoto, individually and as president of Local 1071, IAFF, International Association of Firefighters, defendant. Emmelyn Logan-Baldwin, Rochester, for plaintiff.

{**3 Misc 3d at 948} OPINION OF THE COURT

Robert J. Lunn, J. 
{**3 Misc 3d at 949}By order entered and served on defendant Local 1071, International Association of Firefighters on October 29, 2003, this court denied its motion to strike plaintiff's demand for punitive damages against the union, except to the extent plaintiff was seeking punitive damages on her cause of action for violation of the New York Human Rights Law. The court also denied defendant Local 1071's cross motion for summary judgment dismissing the complaint against it. The union now seeks leave to reargue its cross motion on those two issues contending that the court overlooked or misapprehended matters of fact or law. Plaintiff counters that the motion to reargue is untimely, that the court correctly decided the union's summary judgment motion in the first instance, or leave should be granted to allow plaintiff to correct any deficiencies in her complaint relative to the punitive damages issue.
Relative to the timeliness of a motion to reargue, CPLR 2221 (d) (3) provides that a motion to reargue "shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry." The motion to reargue in this matter was made by Local 1071 on February 17, 2004. Clearly, the 30-day time limit imposed by CPLR 2221 (d) (3) has long since passed.
Relying upon Millson v Arnot Realty Corp. (266 AD2d 918 [4th Dept 1999]), defendant Local 1071 urges that its motion to reargue is still timely even though made well behind the 30-day time period because a notice of appeal has been filed but not perfected. Millson holds that "[w]hile a motion to reargue ordinarily may not be made after the period for appealing the prior order has expired, a motion for reargument may be brought after the time to appeal has expired if a notice of appeal has been timely filed and the motion is brought prior to the submission of the appeal or at the latest before the appeal is determined" (Millson v Arnot Realty Corp., 266 AD2d 918 [1999] [internal quotation marks omitted], quoting Bray v Gluck, 235 AD2d 72, 74 [3d Dept 1997], and citing Lachman v Lachman, 258 AD2d 875 [4th Dept 1999]). However, CPLR 2221 was amended effective July 20, 1999 adding the express 30-day time limit for making a motion to reargue. Millson was decided on November 12, 1999, after the effective date of the amendment to CPLR 2221. The issue before this court is whether Millson was decided under the old or new CPLR 2221 and whether the judicial exception to the 30-day time limit for making a motion to reargue is still applicable.{**3 Misc 3d at 950}
Professor Siegel believes that Millson should be deemed as applying the July 20, 1999 amendment to CPLR 2221 for two reasons. 
"First is that the amendment became law on July 20, 1999, took effect 'immediately,' and was therefore fully applicable when Millson was decided. Second is the general rule that when the law changes while a case is on appeal, the appellate court will apply the law as it is now rather than as it was when the case began" (Siegel, 2000 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:8, 2004 Pocket Part, at 46). 
However, at least one court disagrees with Professor Siegel. In Commissioners of State Ins. Fund v Brooklyn Barber Beauty Equip. Co. (2002 NY Slip Op 50709[U] [Civ Ct, NY County 2002]), Judge Lucy Billings held that Millson was not applicable to whether a motion to reargue was timely when made beyond 30 days of service with notice of entry after the 1999 amendment to CPLR 2221 because Millson applied the old preamendment law. Millson was deemed to apply the old law because, "[w]hile normally an appellate court applies the procedural law currently applicable when the appeal is decided, the court could not cut short a procedural time period that applied when the [*2]procedural step was taken in the trial court" (id. *9, citing McKinney's Cons Laws of NY, Book 1, Statutes § 55; Chapman v State of New York, 261 AD2d 814, 815 [3d Dept 1999]). Judge Billings reasoned that since the Millson appeal was decided on November 12, 1999, the motion to reargue in the Millson case must have been served prior to July 20, 1999, thereby making it subject to the old law construing the time limit for making a motion to reargue. In fact, a review of the record on appeal in Millson confirms that there were two motions to reargue in that case, one dated June 3, 1998 and the other June 9, 1998. The motions to reargue in Millson were made prior to the amendment to CPLR 2221. The Fourth Department must have been applying the old law to the Millson motions to reargue. This conclusion is also supported by the fact that the decision itself does not mention the 30-day time limit of CPLR 2221. Additionally, none of the briefs submitted in Millson discuss the amendment to the statute. Therefore, this court is not bound to follow Millson as it was not applying the current version of CPLR 2221. Applying the current law applicable to defendant Local 1071's motion to reargue, it is untimely as a matter of law as it was made after the express 30-day deadline of CPLR 2221 (d) (3).{**3 Misc 3d at 951}
Lastly, this holding that defendant's motion to reargue is untimely is also supported by the legislative history to the 1999 amendment to CPLR 2221. The memorandum of the Office of Court Administration submitted in favor of the amendment states,
"This measure, which developed out of a recommendation of the Suffolk County Bar Association, amends CPLR 2221 and 5701 (a) (2) to clarify confusing provisions of law governing motions addressed to prior orders. 
"Currently, the law governing motions to reargue and renew is based primarily on court decisions, which address the area piecemeal and do not provide a coherent structure for treatment of these motions." (Mem of Off of Ct Admin, 1999 McKinney's Session Laws of NY, at 2037.)
The memorandum continues that "the CPLR should contain provisions governing these motions that will distinguish clearly between motions for leave to reargue and leave to renew, and that will specify time limitations for the making of these motions and rights of appeal." (Id. [emphasis added].) If the Legislature had intended to codify the Bray v Gluck exception to the 30-day time limit for a motion to reargue which was relied upon in Millson, it could have easily done so.
Defendant Local 1071's motion to reargue is denied as untimely. In light of the foregoing, the court declines to address defendant's substantive arguments. Plaintiff's cross motion is denied as moot.