**LITTON LOAN SERVICING, LP, Formerly Known as LITTON LOAN SERVICING, INC., Appellant, v ANGELO VASILATOS, Respondent, et al., Defendant.** [777 NYS2d 165]—

In an action to foreclose a mortgage, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Leis, J.), dated October 3, 2002, as, in effect, granted the motion of the defendant Angelo Vasilatos for leave to renew and reargue his prior motion to vacate a judgment of foreclosure and sale, dated February 1, 2000, entered upon his default, and upon reargument and renewal, granted the prior motion to the extent of vacating its prior order dated November 9, 2001, denying his motion to vacate the judgment of foreclosure and sale, and set the matter down for a hearing on the issue of service of process, and (2) from an order of the same court dated January 22, 2003, which, after a hearing, inter alia, vacated the judgment of foreclosure and sale and dismissed the complaint.

Ordered that the appeal from the order dated October 3, 2002, is dismissed, as that order was superseded by the order dated January 22, 2003; and it is further,

Ordered that the order dated January 22, 2003, is reversed, on the law and the facts, and, upon reargument and renewal, the determination in the order dated November 9, 2001, denying the motion to vacate the judgment of foreclosure and sale is adhered to, the complaint and the judgment of foreclosure and sale are reinstated, and the order dated October 3, 2002, is modified accordingly.

The defendant Angelo Vasilatos defaulted in payment of a mortgage on his home in Greenport. The plaintiff commenced this mortgage foreclosure action and, after numerous attempts to serve Vasilatos pursuant to CPLR 308 (1) and (2) proved unsuccessful, the process server affixed the summons and complaint to the door of the Greenport home and mailed a copy to that address in April 1999. Vasilatos defaulted and a judgment of foreclosure and sale was entered. He subsequently moved to vacate his default and, ultimately, the Supreme Court scheduled a hearing on the issue of service. After granting several adjournments because Vasilatos was in Greece, the Supreme Court declined to grant a further adjournment and denied

Vasilatos's motion to vacate his default. He then moved for leave to reargue and renew. The Supreme Court granted the motion, vacated the prior order, and rescheduled the hearing. After the hearing, the Supreme Court concluded that service was not properly effected pursuant to CPLR 308 (4) because Vasilatos was residing in Greece at the time of service. Therefore, the Supreme Court vacated the judgment of foreclosure and sale.

Contrary to the plaintiff's contention, that branch of Vasilatos's motion which sought leave to reargue was timely (*cf. Bray v Gluck*, 235 AD2d 72 [1997]; *see Ferrizz v Jahelka*, 125 AD2d 537 [1986]). Further, the Supreme Court providently exercised its discretion in granting leave to reargue and renew (*see Vita v Alstom Signaling*, 308 AD2d 582 [2003]). However, the Supreme Court's determination that Vasilatos was not properly served pursuant to CPLR 308 (4) is not supported by the record.

The testimony of Vasilatos and his own witness indicated that Vasilatos left for Greece in December 1998 and resided there at the time service was made. When he returned to New York to attend to legal matters in March 1999, he stayed at the Greenport house. Except for a period of time when his mail was forwarded directly to Greece, he maintained a post-office box in Greenport and continued to receive mail there. His mail was then forwarded to Greece by a friend. Vasilatos maintained telephone service at the Greenport house and his belongings and furniture remained there. At his direction, his friend checked the house every weekday. In his affidavit in support of his motion for leave to reargue and renew, Vasilatos stated that at all times he intended to return to Greenport. A bankruptcy petition he filed in April 2000 listed his address as the Greenport address. Under these circumstances, service was properly effectuated at Vasilatos's "dwelling place or usual place of abode within the state" (CPLR 308 [4]), although he resided in Greece (*see Krechmer v Boulakh*, 277 AD2d 288 [2000]). The record demonstrates the degree of permanency and stability necessary to sustain service at the Greenport home (*see Feinstein v Bergner*, 48 NY2d 234, 239 n 3 [1979]).

Contrary to Vasilatos's contention, he was not entitled to relief pursuant to CPLR 317. Assuming that he did not receive notice of the action in time to defend, he failed to establish the existence of a meritorious defense as required by that statute.

Consequently, upon reargument and renewal, the Supreme Court should not have vacated the judgment of foreclosure and sale. Altman, J.P., H. Miller, Krausman and Cozier, JJ., concur.