OPINION OF THE COURT
Marguerite A. Grays, J.
This court in an order dated May 10, 2004 denied “A” Summer Enrichment Program, Inc.’s cross motion to be relieved from its default and granted plaintiffs cross motion for a default judgment and defendants Church of the Transfiguration and *554 Transfiguration Parish Day School’s cross motion for a default judgment on its cross claims. The court also denied the plaintiff’s request to sever the action against the remaining defendants. Plaintiffs counsel served a copy of this order with notice of entry on “A” Summer Enrichment Program, Inc: on May 25, 2004 and it was received by movant’s counsel on May 28, 2004. “A” Summer Enrichment Program, Inc. filed a notice of appeal from this order with the Appellate Division, Second Department, on June 8, 2004 and served the within motion on July 23, 2004.
CPLR 2221 (d) (3) provides that a motion to reargue “shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry.” Defendant “A” Summer Enrichment Program, Inc., relying upon Millson v Arnot Realty Corp. (266 AD2d 918 [1999]), asserts that its motion to reargue is still timely even though made well beyond the 30-day time period because a notice of appeal has been timely filed, although not perfected. The Appellate Division, Fourth Department, held in Millson that
“[w]hile a motion to reargue ordinarily may not be made after the period for appealing the prior order has expired, a motion for reargument may be brought after the time to appeal has expired if a notice of appeal has been timely filed and the motion is brought prior to the submission of the appeal or at the latest before the appeal is determined” (Millson v Arnot Realty Corp., 266 AD2d 918, 918 [1999] [citations and internal citations and quotation marks omitted], quoting Bray v Gluck, 235 AD2d 72, 74 [1997], and citing Lachman v Lachman, 258 AD2d 875 [1999]).
However, CPLR 2221 was amended effective July 20, 1999, adding the express 30-day time limit for making a motion to reargue. Millson was decided on November 12, 1999, after the effective date of the amendment to CPLR 2221. Although Professor Siegel believes that Millson should be deemed as applying the July 20, 1999 amendment to CPLR 2221 (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:8), two courts have disagreed with Professor Siegel. In Commissioners of State Ins. Fund v Brooklyn Barber Beauty Equip. Co., Inc. (2002 NY Slip Op 50709[U] [Nov. 12, 2002]), the court held that Millson was not applicable where the motion to reargue had been made after the expiration of the 30-day period set forth in CPLR 2221, as amended. The court therein deemed that Millson applied the old law because, “[w]hile normally an appellate court applies the procedural law currently ap *555 plicable when the appeal is decided, the court could not cut short a procedural time period that applied when the procedural step was taken in the trial court” (id. at *9, citing McKinney’s Cons Laws of NY, Book 1, Statutes § 55; Chapman v State of New York, 261 AD2d 814, 815 [1999]). The court therein reasoned that since the Millson appeal was decided on November 12, 1999, the motion to reargue in Mill-son must have been served prior to July 20, 1999, thereby making it subject to the old law which construed the time limit for making a motion to reargue. In Kern v City of Rochester (3 Misc 3d 948 [2004]), the court reviewed the decision in Commissioners and further stated that it had reviewed the record on appeal in Millson and determined that there were two motions to reargue in that case, one dated June 3, 1998 and the other June 9, 1998. The motions to reargue in Mill-son were made prior to the amendment to CPLR 2221. The court in Kern determined that the Fourth Department must have been applying the old law to the Millson motions to reargue. The court in Kern also noted that the Millson decision does not mention the 30-day time limit of CPLR 2221, and that none of the briefs submitted in Millson discussed the amendment to the statute. The court in Kern, therefore, determined that it was not bound to follow Millson as it was not applying the current version of CPLR 2221, and found that the motion to reargue was untimely as it was made beyond the express 30-day period.
The court herein finds the courts’ reasoning in Kern and Commissioners to be persuasive, and therefore finds that Millson is not applicable here, as the Court therein did not apply the current provisions of CPLR 2221. The motion to reargue in this matter was made by “A” Summer Enrichment Program, Inc. on July 23, 2004, which was well after the 30-day time limit. That portion of the within motion which seeks leave to reargue the prior cross motion therefore is denied as untimely.
As to the branch of said defendant’s motion seeking renewal, a motion to renew
“shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and . . . shall contain reasonable justification for the failure to present such facts on *556 the prior motion.” (CPLR 2221 [e] [2], [3].)
The “affidavit” submitted to the court by Alecia Hazzard, the president of “A” Summer Enrichment Program, Inc., is unsworn and therefore lacks probative value. Defendant has failed to establish any new facts that would change the court’s prior determination. Therefore, leave to renew the prior cross motion is denied.