OPINION OF THE COURT
Michael E. Hudson, J.
*323 Under a claim filed December 1, 2003, claimant has sought to recover damages for what he contends was his improper placement on a restricted diet while an inmate confined to the Special Housing Unit at Attica Correctional Facility. The conduct in issue allegedly took place over a four-day period commencing September 13, 2003, and a seven-day period that started on October 7, 2003. In preparing the claim Mr. Burkett made use of a printed form, marking entries within designated sections of the pleading, then signing its signature line. However, Mr. Burkett failed to complete a separate printed affidavit of verification before presenting the claim to a notary public, who completed and signed the jurat on November 18, 2003. Claimant then proceeded to properly execute an affidavit of facts to append to the claim, as well as an affidavit of service, all sworn to at that time. The next day he properly verified a notice of intention to file a claim and executed a further affidavit of service before the same notary public, then attached all of those papers to the claim that he filed.* Defendant subsequently filed its answer on January 2, 2004. The State raised improper verification as its sixth affirmative defense, but did not attempt to reject the claim through a prompt return to Mr. Burkett pursuant to CPLR 3022. Under Lepkowski v State of New York (1 NY3d 201, 209-210 [2003]), decided December 18, 2003, defendant’s failure to diligently return the pleading, with notification of the reason for deeming the verification defective, as set forth within CPLR 3022, constituted a waiver of that objection, notwithstanding the assertions set forth as an affirmative defense.
Under chapter 460 of the Laws of 2005, enacted August 9, 2005, and effective immediately, Court of Claims Act § 11 (c) has been amended to provide that:
“[A]ny objection or defense based upon the failure to comply with . . . (iii) with [szc] the verification requirements as set forth in subdivision b of this section and rule three thousand twenty-two of the civil practice law and rules is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading . . . .”
In reliance thereon defendant now moves to dismiss the claim for lack of proper verification, as initially raised in its answer. It is the State’s position that since the amendment of section 11 *324 (c) became effective immediately, and addresses a procedural issue, it applies to this pending matter, and can serve to support the relief requested. For reasons that follow the court disagrees.
While the amendment took immediate effect, it did not by its terms provide for retroactive application. For that reason the question of whether, and to what extent, that statute is to be accorded retroactive effect necessitates an ascertaining of legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes § 55, at 116; see Simonson v International Bank, 14 NY2d 281, 289 [1964]). As a general matter procedural statutes are retroactive in scope, and thus applicable to pending matters, although they only affect procedural steps taken after their enactment (Statutes § 55, at 117; see Charbonneau v State of New York, 148 Misc 2d 891, 895 [1990], affd 178 AD2d 815 [1991], affd 81 NY2d 721 [1992]). Thus, “while procedural changes are, in the absence of words of exclusion, deemed applicable to ‘subsequent proceedings in pending actions’, it takes £a clear expression of the legislative purpose to justify’ a retrospective application of even a procedural statute so as to affect proceedings previously taken in such actions.” (Simonson, 14 NY2d at 289 [citations omitted].) Here, no such expression of legislative purpose can be found within the 2005 enactment, or in the Bill Jacket. Moreover, a similar question of retroactive application was raised and rejected with regard to the 1990 amendment of the Court of Claims Act (L 1990, ch 625, § 1) which added section 11 (c) — the provision whose farther amendment is at issue. In Chapman v State of New York (261 AD2d 814 [1999]), the Appellate Division, Third Department, accepted the State’s position that the statute’s objection and waiver provisions regarding time limitations and service requirements under the Court of Claims Act were not to be applied retroactively to shield a claim from dismissal, again for the reason that absent a clear expression of legislative intent a procedural statute will not be applied to affect proceedings previously taken in a pending action (Chapman, 261 AD2d at 815; see also Charbonneau, 148 Misc 2d at 894-895; Pelnick v State of New York, 171 AD2d 734, 735-739 [1991] [rejecting retroactive application of 1990 amendment adding section 11 (c) to existing procedural matters]).
Based upon the above, the August 9, 2005 amendment to section 11 (c) cannot retroactively negate the State’s failure to comply with CPLR 3022 in addressing the claim of a defective verification.
It is therefore ordered that defendant’s motion is denied.

 The verification sheet that claimant submitted in opposition to this motion is derived from his notice of intention, and not the claim itself.