■ In the Matter of NICHOLAS C. HOFFMANN, Appellant, v THERESA DEBELLO-TEHENY, Respondent. [815 NYS2d 627]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Dounias, J.), dated December 13, 2004, which sustained the mother's objections to an order of the same court (Rodriguez, S.M.), dated September 29, 2004, which, after a hearing, granted the father's motion for leave to reargue the mother's prior motion to dismiss the proceeding, which previously had been granted in an order of the same court (Plosky, S.M.), dated December 3, 2003, and upon reargument, granted the father's petition for a downward modification of the father's child support obligation for the parties' child.

Ordered that the order is affirmed, with costs.

The Family Court properly sustained the mother's objections to the Support Magistrate's determination granting the father's motion for leave to reargue. The Support Magistrate was without authority to grant reargument after the Family Court had denied the father's objections to the original order, thereby affirming it (*cf. Bray v Gluck,* 235 AD2d 72, 74 [1997]; Siegel, NY Prac § 532, at 916 [4th ed]). In any event, the Support Magistrate erred in granting the father's motion for leave to reargue, as the father failed to point out matters of fact or law allegedly overlooked or misapprehend on the prior motion (*see* CPLR 2221 [d]). Further, there is no indication in the record that the Support Magistrate, in fact, misapprehended the facts or law, or mistakenly arrived at its earlier decision dismissing father's petition for a downward modification of his support obligation.

The parties' remaining contentions are either without merit or academic in light of our determination. Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.