■ OSCAR PARRALES, Respondent, v WONDER WORKS CONSTRUCTION CORP. et al., Appellants. (And Third-Party Actions.) [864 NYS2d 325]—In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 5, 2006, and (2), as limited by their brief, from so much of an amended order of the same court dated July 30, 2007, as granted that branch of the plaintiff's motion which was for summary judgment on his Labor Law § 241 (6) cause of action.

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 15, 2007, which granted the defendants' motion, in effect, for leave to reargue that branch of the plaintiff's prior motion which was for summary judgment on the Labor Law § 241 (6) cause of action, which was granted in an amended order of the same court dated July 30, 2007, and, upon reargument, vacated the amended order dated July 30, 2007, and denied that branch of the plaintiff's prior motion which was for summary judgment on the Labor Law § 241 (6) cause of action.

Ordered that the order dated October 15, 2007 is modified, on the law, by deleting the provision thereof which, upon reargument, vacated so much of the amended order dated July 30, 2007, as granted the plaintiff's motion for summary judgment on so much of his Labor Law § 241 (6) cause of action as was predicated on alleged violations of 12 NYCRR 23-1.7 (a) (1), 23-1.20, and 23-2.5 (a), and thereupon denied that branch of the motion, and substituting therefor a provision, upon reargument, adhering to that part of the amended order dated July 30, 2007; as so modified, the order dated October 15, 2007 is affirmed, one bill of costs is awarded to the plaintiff, and, upon searching the record, summary judgment is awarded to the defendants dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on an alleged violation of 12 NYCRR 23-2.1 (b).

On July 16, 2002 the plaintiff was assisting in demolition work being conducted inside of a building. The building was owned by the defendant 554-560 Main Street Associates, and the defendant Wonder Works Construction Corp. (hereinafter Wonder Works) was the general contractor of the renovation project. An old elevator shaft, from which the car had been removed, was used as a chute for the disposal of debris removed by workers on upper floors. The plaintiff claimed that he was

assigned to remove debris from the bottom of the shaft, and after working in that area for about 20 minutes, he was injured by a piece of wood that fell from the fifth floor.

In this ensuing personal injury action, among other things, the plaintiff alleged that the defendants violated Labor Law § 241 (6), because there was no overhead protection in place at the time of his accident, in violation of various provisions of the Industrial Code, namely, 12 NYCRR 23-1.7 (a) (1), 23-1.20, 23-2.1 (b), and 23-2.5 (a). The plaintiff moved, inter alia, for summary judgment on his Labor Law § 241 (6) cause of action. In their opposition to that branch of the motion, the defendants argued that the plaintiff failed to make a prima facie showing that overhead protection was not in place at the time of the accident and, further, that there was a question of fact regarding proximate cause. In an order dated October 5, 2006 the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the Labor Law § 241 (6) cause of action and, due to confusion that later arose between the parties as to the scope of the ruling, the court issued an amended order dated July 30, 2007 to clarify that there were no issues of fact regarding the plaintiff's comparative negligence, i.e., the plaintiff was entitled to summary judgment on the issue of liability on his Labor Law § 241 (6) cause of action.

The defendant separately appealed from both the October 5, 2006 order and the July 30, 2007 amended order. In light of the disposition herein, those appeals are being dismissed as academic (see Parrales v Wonder Works Constr. Corp., 55 AD3d 579 [2008] [decided herewith]).

In September 2007 the defendants moved, in effect, for leave to reargue their opposition to that branch of the plaintiff's prior motion which was for summary judgment on the Labor Law § 241 (6) cause of action. The defendants raised the same arguments they raised in their earlier opposition. The plaintiff opposed the motion. In an order dated October 15, 2007 the Supreme Court granted reargument, and upon reargument, vacated the amended order dated July 30, 2007 and denied that branch of the plaintiff's motion which was for summary judgment on the Labor Law § 241 (6) cause of action, stating that there was an issue of fact as to whether the plaintiff was comparatively negligent. The plaintiff now appeals from the order dated October 15, 2007.

Initially, contrary to the plaintiff's contention, the defendants' motion was timely (see Litton Loan Servicing, LP v Vasilatos, 7 AD3d 580, 581 [2004]; Bray v Gluck, 235 AD2d 72, 74 [1997]), and the Supreme Court providently exercised its discretion in

granting leave to reargue. However, on the merits, the Supreme Court should have adhered to its prior determination, to the extent it awarded the plaintiff summary judgment on so much of the Labor Law § 241 (6) cause of action as was predicated on alleged violations of 12 NYCRR 23-1.7 (a) (1), 23-1.20, and 23-2.5 (a). With respect to those provisions, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on his Labor Law § 241 (6) cause of action (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-505 [1993]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In particular, he demonstrated, prima facie, that the cited provisions were applicable to his case, that they were violated, and that their violation was a proximate cause of the accident (see Osorio v Kenart Realty, Inc., 35 AD3d 561, 562-563 [2006]). Furthermore, the plaintiff made a prima facie showing that he was free from comparative negligence (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 350 [1998] [comparative negligence is a viable defense under Labor Law § 241 (6)]). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). They relied heavily upon the deposition testimony of Jeff Goykhman, an officer of Wonder Works, and a construction project manager. However, Goykhman admitted that he understood workers had to walk into the shaft to remove debris. He did not know whether overhead protection was in place on the date of the plaintiff's accident, he did not know the plaintiff, and did not recall being at the site on the date of the accident. Accordingly, the plaintiff was entitled to summary judgment on the issue of liability on so much of his Labor Law § 241 (6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.7 (a) (1), 23-1.20, and 23-2.5 (a), leaving only the issue of damages to be tried.

However, we have previously held that 12 NYCRR 23-2.1 (b) lacks the specificity required to support a cause of action under Labor Law § 241 (6) (see Madir v 21-23 Maiden Lane Realty, LLC, 9 AD3d 450, 452 [2004]; Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 622 [2003]). For that reason, although the defendants did not cross-move for summary judgment, we search the record and award them summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of section 23-2.1 (b) (see CPLR 3212 [b]; Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]; Coque v Wildflower Estates Devs., Inc., 31 AD3d 484, 488 [2006]).

We decline the plaintiff's request that we search the record and award him summary judgment on the cause of action alleging a violation of Labor Law § 240 (1).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.