Deutsche Bank Natl. Trust Co. v Quinn (2023 NY Slip Op 03271)

Deutsche Bank Natl. Trust Co. v Quinn

2023 NY Slip Op 03271

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

535168
[*1]Deutsche Bank National Trust Company, as Trustee, Appellant,
v
Thomas E. Quinn et al., Respondents.

Calendar Date:May 3, 2023

Before:Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.

Hinshaw & Culbertson LLP, New York City (Dana Briganti of counsel), for appellant.
The Legal Project, Albany (Debra J. Willsey of counsel), for respondents.

Clark, J.
Appeals from an order and a corrected order of the Supreme Court (Richard J. McNally Jr., J.), entered March 22, 2022 and May 11, 2022 in Rensselaer County, which denied plaintiff's motion for, among other things, leave to renew.
In 2005, defendants Thomas E. Quinn and Michelle L. Quinn refinanced the mortgage on their property in Wynantskill in the Town of North Greenbush, Rensselaer County through American Home Mortgage Servicing, Inc. and, in January 2009, the mortgage was assigned to plaintiff. Due to various hardships, defendants failed to make their mortgage payments and, on August 3, 2011, they were notified that their loan was in foreclosure. Plaintiff commenced a foreclosure action in January 2012, but Supreme Court (Elliott III, J.) dismissed that action in 2015 due to plaintiff's failure to file a motion seeking an order of reference. Then, in January 2019, plaintiff commenced the underlying action for foreclosure. Following joinder of issue, defendants moved for summary judgment seeking to dismiss the complaint and to discharge the mortgage on the basis that plaintiff had accelerated the mortgage by filing the summons and complaint in the 2012 action and had thereafter failed to revoke such acceleration within the required six-year statutory period; as a result, defendants argued, the subsequent foreclosure action was time-barred. Plaintiff opposed the motion. In May 2020, Supreme Court (McNally Jr., J.) granted defendants' motion and dismissed the complaint, finding that the statute of limitations had expired in January 2018, a year before the instant action was commenced.
In July 2021, following the Court of Appeals decision in Freedom Mtge. Corp. v Engel (37 NY3d 1 [2021]), plaintiff moved for leave to renew, seeking, among other things, a reversal of the May 2020 order that granted defendants summary judgment and dismissed the complaint. Defendants opposed the motion as untimely. In March 2022, Supreme Court denied plaintiff's motion, finding that it was untimely, as the motion was brought long after the time to take an appeal had expired. The court issued a corrected order in May 2022, the substance of which is identical to the March 2022 order. Plaintiff appeals.[FN1]
"Absent circumstances set forth in CPLR 5015, which are inapplicable here, a motion for leave to renew based upon an alleged change in the law must be made prior to the entry of a final judgment, or before the time to appeal has fully expired" (Wilmington Trust N.A. v Fife, 212 AD3d 550, 550 [1st Dept 2023] [internal quotation marks and citations omitted]; see Opalinski v City of New York, 205 AD3d 917, 919 [2d Dept 2022], lv dismissed 39 NY3d 935 [2022]; Bray v Gluck, 235 AD2d 72, 74 [3d Dept 1997], lv dismissed 91 NY2d 1002 [1998]; Patrick M. Connors, Prac Commentaries, McKinney's Cons Law of NY, CPLR C2221:9). Contrary to plaintiff's assertion, the May 2020 order, which granted defendants' motion for summary judgment and dismissed the complaint, was a final order [*2](see GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d 1285, 1286 [3d Dept 2021]; WFE Ventures, Inc. v Mills, 139 AD3d 1157, 1159 [3d Dept 2016]). As the record reveals that such final order was entered, and that plaintiff was served in June 2020, the time to appeal from that order had long expired when plaintiff moved for leave to renew in July 2021 (see CPLR 5513 [a]). Consequently, Supreme Court properly denied plaintiff's motion for leave to renew, premised on a change in the law, as untimely (see Matter of 160 E. 84th St. v New York State Div. of Hous. & Community Renewal, 203 AD3d 501, 501 [1st Dept 2022]; Redeye v Progressive Ins. Co., 158 AD3d 1208, 1209 [4th Dept 2018]; Washington Mut. Bank, FA v Itzkowitz, 47 AD3d 923, 923 [2d Dept 2008]; Bray v Gluck, 235 AD2d at 74). In light of the foregoing, plaintiff's remaining contentions have been rendered academic.
Egan Jr., J.P., Lynch and Pritzker, JJ., concur.
ORDERED that the appeal from the March 22, 2022 order is dismissed, without costs.
ORDERED that the May 11, 2022 corrected order is affirmed, without costs.

Footnotes

Footnote 1: As the May 11, 2022 corrected order superseded the March 22, 2022 order, plaintiff's appeal from the earlier order must be dismissed (see Borelli v JB IV, LLC, 209 AD3d 1121, 1122 n 1 [3d Dept 2022]).