Van Dyke v U.S. Bank, N.A. (2025 NY Slip Op 00933)

Van Dyke v U.S. Bank, N.A.

2025 NY Slip Op 00933

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Index No. 806287/22 Appeal No. 3713-3714-3715 Case No. 2024-01508, 2024-04531, 2024-05479 

[*1]Patti Van Dyke, Plaintiff-Respondent,
v
U.S. Bank, National Association, Defendant-Appellant.

J. Robbin Law PLLC, Armonk (Jacquelyn A. Dicicco of counsel), for appellant.
Law Office of Thomas M. Curtis, New York (Thomas M. Curtis of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marissa Soto, J.), entered August 29, 2024, declaring a note and a mortgage recorded against 448 East 142nd Street, Bronx, NY, cancelled and discharged of record, and bringing up for review an order, same court (Doris M. Gonzalez, J.), entered on or about November 14, 2023, which, to the extent appealed from as limited by the briefs, found that there had been no prior judicial determination to the effect that defendant's predecessor-in-interest had no standing to commence an action seeking to foreclose upon the same mortgage or accelerate payment upon the same note, and order, same court (Marissa Soto, J.), entered on or about July 12, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment discharging the mortgage, unanimously affirmed without costs. Appeals from aforementioned orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant is estopped from arguing that its predecessor-in-interest, Bank of New York (BNY), did not validly accelerate plaintiff's loan, as there has been no "expressed judicial determination" that plaintiff's loan was not validly accelerated through BNY's commencement of a foreclosure action concerning the same note and mortgage in 2009 (CPLR 213[4][b]). Contrary to defendant's contention, the February 14, 2019 order in the initial foreclosure action, this Court's affirmance of that order, and the so-ordered stipulation of discontinuance of that action did not constitute judicial determinations that BNY lacked standing but, instead, merely reserved the question of standing for later adjudication.
The language and legislative history of the Foreclosure Abuse Prevention Act (FAPA), through which CPLR 213(4) was amended to include subsection (b), indicate that FAPA has retroactive effect (see Genovese v Nationstar Mtge. LLC, 223 AD3d 37 [1st Dept 2023]). In Genovese, this Court observed that FAPA "will necessarily have retroactive effect" because section 10 of the Act directed that it applies to all actions upon a mortgage or note "in which a final judgment of foreclosure and sale has not been enforced" (id. at 44 [internal quotation marks omitted]). In addition, this Court has repeatedly followed Genovese's holding that FAPA applies retroactively (see Bank of New York Mellon v Del Rio, 223 AD3d 529 [1st Dept 2024]; Wilmington Trust, N.A. v Farkas, 232 AD3d 524, 525-526 [1st Dept 2024]; Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487, 489 [1st Dept 2024]).
Applying FAPA here would not violate the Contracts Clause of the US Constitution, as defendant has not identified any term of the note or mortgage that FAPA has impaired, let alone "impaired substantially" (Energy Reserves Group, Inc. v Kansas Power & Light Co., 459 US 400, 413 [1983]). While the entirety of the mortgage is impaired because defendant cannot enforce it, it was not FAPA per se that caused this situation, but rather [*2]the six-year statute of limitations that existed when plaintiff first received her loan (see Bank of New York Mellon v Del Rio, 223 AD3d at 531-532). Any suggestion in Freedom Mtge. Corp. v Engel (37 NY3d 1 [2021]) that the right to revoke an acceleration is contractual, as opposed to merely legal based on a contractual right to accelerate, is contradicted by Kilpatrick v Germania Life Ins. Co. (183 NY 163 [1905]). In Kilpatrick, the Court held that a lender lost any right to deaccelerate a loan once the borrower changed his or her position (see id. at 168), suggesting that, at the time Engel was decided, a lender's right to deaccelerate a loan, although perhaps a legal right, was not truly a contractual right.
Applying FAPA retroactively would also not unconstitutionally impair any of defendant's vested rights. The parties' 2022 stipulation of discontinuance of the 2009 action was silent as to whether defendant deaccelerated its loan. As the Court of Appeals "ha[d] never addressed what constitutes a revocation" of an acceleration in the context of a discontinuance before it decided Engel (Engel, 37 NY3d at 28), any right defendant had to expect its discontinuance to deaccelerate the loan was based solely on Engel. However, the Legislature had begun considering overturning Engel in 2021, even before the parties executed their stipulation. Thus, defendant could not rely on the stipulation to deaccelerate its loan so as to allow it to later enforce its mortgage.
Defendant's argument that the motion court improperly raised, sua sponte, the issue of whether FAPA applied to this action is unavailing. After plaintiff's motion was fully submitted, the Legislature enacted FAPA. The motion court then allowed the parties to brief the effect of FAPA on this case. The court rendered its decision after the re-briefing. This Court has previously held such re-briefing permissible in similar circumstances (see U.S. Bank N.A. v Fox, 216 AD3d 445, 446 [1st Dept 2023], lv denied 42 NY3d 903 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025