Deutsche Bank Natl. Trust Co. v Goldwasser (2025 NY Slip Op 01988)

Deutsche Bank Natl. Trust Co. v Goldwasser

2025 NY Slip Op 01988

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

CV-23-2376 CV-24-0244
[*1]Deutsche Bank National Trust Company, as Indentured Trustee, Appellant,
v
Mark S. Goldwasser et al., Respondents, et al., Defendants.

Calendar Date:February 13, 2025

Before:Egan Jr., J.P., Clark, Powers and Mackey, JJ.

Knuckles & Manfro LLP, Tarrytown (Louis A. Levithan of counsel), for appellant.
MacVean, Lewis, Sherwin & McDermott, PC, Middletown (Kevin F. Preston of counsel), for respondents.

Clark, J.
Appeals from an order and a judgment of the Supreme Court (Stephan Schick, J.), entered December 13, 2023 and January 29, 2024 in Sullivan County, which, among other things, granted a motion by defendants Mark S. Goldwasser and Paula Goldwasser to renew and granted their motion for summary judgment dismissing the complaint against them.
In 2006, defendants Mark S. Goldwasser and Paula Goldwasser (hereinafter collectively referred to as defendants) executed a note that was secured by a mortgage on real property located in the Village of Bloomingburg, Sullivan County. Plaintiff commenced an action in 2012 seeking to foreclose on the mortgage (hereinafter the first action). Supreme Court (Meddaugh, J.) granted summary judgment in favor of plaintiff and directed plaintiff to file an application for a judgment of foreclosure and sale. A year later, the court dismissed the first action, citing plaintiff's failure to file said application. In 2018, the court also denied plaintiff's motion to vacate the dismissal.
Thereafter, in June 2019, plaintiff filed the instant action seeking to foreclose on the same mortgage. As relevant here, defendants moved for summary judgment dismissing the complaint against them, and plaintiff cross-moved for summary judgment and an order of reference. Supreme Court (Schick, J.) found that the statute of limitations precluded the filing of the instant action; as such, it granted defendants' motion, dismissed the complaint against them and denied plaintiff's cross-motion. Upon plaintiff's appeal therefrom, we reversed that order, finding that the record supported denying defendants' motion and granting plaintiff's cross-motion (199 AD3d 1281, 1282-1283 [3d Dept 2021]). Following remittal, Supreme Court issued a judgment of foreclosure and sale in October 2022. The Foreclosure Abuse Prevention Act (see L 2022, ch 821 [hereinafter FAPA]) became law in December 2022. Defendants then moved to renew their motion for summary judgment based upon the passage of FAPA, arguing that the statute of limitations precluded the filing of the instant action. Plaintiff opposed, asserting various constitutional and procedural grounds. Supreme Court granted defendants' motion to renew, as the enactment of FAPA satisfied the requisite change in the law. Applying FAPA, the court determined that the instant action was barred by the statute of limitations and, as such, it granted defendants' motion for summary judgment, vacated the judgment of foreclosure and sale and dismissed the complaint in the instant action against defendants. Plaintiff appeals.
Initially, plaintiff contends that defendants' motion to renew should have been denied as untimely because it was brought beyond the expiration of the time to file an appeal from the judgment of foreclosure and sale. As relevant here, a motion for leave to renew must "demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]). Although CPLR 2221[*2](e) does not set a time limit, courts have long recognized that, generally, "a motion for leave to renew based upon an alleged change in the law must be made prior to the entry of a final judgment, or before the time to appeal has fully expired" (Deutsche Bank Natl. Trust Co. v Quinn, 217 AD3d 1157, 1158 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Huie [Furman], 20 NY2d 568, 572 [1967]). The Court of Appeals explained that imposing a temporal limitation on a motion to renew when "an appellate court has overruled its own or another statement of existing law" was necessary to balance the relief available to a party for a near-contemporaneous change in the law with the interest of ensuring final resolutions to disputes; the Court also recognized that the Legislature was free to create exceptions, including but not limited to those embodied in CPLR 5015 (Matter of Huie [Furman], 20 NY2d at 571-572).[FN1] In our view, the Legislature's assertion that FAPA applies to "all actions commenced on an instrument described under [CPLR 213 (4)] in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10) created such an exception. As such, we find that the motion to renew was timely.
Before we determine the merits underlying defendants' motion for summary judgment — namely, whether plaintiff's foreclosure is barred by the statute of limitations — we must address plaintiff's constitutional challenges to FAPA. We disagree with plaintiff's contention that retroactive application of FAPA to this action violates its due process rights. Briefly, pursuant to its own terms, FAPA took effect immediately upon its passage and applied "to all actions commenced on an instrument described under [CPLR 213 (4)] in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10). FAPA overruled judicial misinterpretations of existing law (see e.g. Freedom Mtge. Corp. v Engel, 37 NY3d 1 [2021]) that "allow[ed] noteholders to abuse the foreclosure process by manipulating and extending the statute of limitations to the detriment of homeowners," contrary to legislative intent (U.S. Bank N.A. v Lynch, 233 AD3d 113, 117 [3d Dept 2024]; see Assembly Mem in Support, Bill Jacket, L 2022, ch 821 at 8; Senate Introducer's Mem in Support, Bill Jacket, L 2022, ch 821 at 98). The passage of this remedial legislation "clarif[ied] the judicial process through which noteholders could recover on a mortgage debt, while also protecting homeowners from having to defend multiple foreclosure actions for lengths of time that far exceed the applicable statutes of limitations. As such clarifications are rationally related to the legitimate legislative purpose of providing a mechanism for parties to resolve their disputes with finality, we find that retroactive application of FAPA to foreclosure actions where a final judgment has not been enforced does not violate plaintiff's due process rights" (U.S. Bank N.A. [*3]v Lynch, 233 AD3d at 117-118 [internal citations omitted]; see Bank of N.Y. Mellon v Richards, 233 AD3d 1250, 1251-1252 [3d Dept 2024]).
We also reject plaintiff's argument that the retroactive application of FAPA violates the Contracts Clause of the US Constitution, which prohibits states from passing laws that "impair[ ] the [o]bligation of [c]ontracts" (US Const, art I, § 10). In reviewing such a claim, we must first determine "whether the change in state law has operated as a substantial impairment of a contractual relationship," an inquiry which requires us to consider "whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial" (General Motors Corp. v Romein, 503 US 181, 186 [1992] [internal quotation marks and citation omitted]; accord Matter of Ireland v Cattaraugus County Dept. of Nursing Homes-Olean Pines, 182 AD3d 956, 959 [3d Dept 2020]). If the challenged law "constitutes a substantial impairment, the State, in justification, must have a significant and legitimate public purpose behind the" legislation (Energy Reserves Group, Inc. v Kansas Power & Light Co., 459 US 400, 411 [1983]). It is uncontroverted that a contractual relationship between plaintiff and defendants was formed through the execution of the note and mortgage at issue herein. Upon defendants' nonpayment, plaintiff commenced the first action, thereby exercising its contractual rights to accelerate the entire debt and to foreclose on the mortgage. Although plaintiff claims that it also had a contractual right to unilaterally de-accelerate the debt and reset the statute of limitations, it has not identified any such contractual term (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1070 [2d Dept 2024]). Indeed, in response to a growing body of judicial misinterpretations permitting noteholders to unilaterally manipulate the statute of limitations, the Legislature "enacted FAPA to clarify existing law" and "provide finality," specifying "the manner in which the statute of limitations may be tolled or restarted, while also ensuring that homeowners are not overburdened by having to defend multiple actions ad infinitum" (U.S. Bank N.A. v Lynch, 233 AD3d at 116; see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1070). As FAPA does not substantially impair any of the parties' contractual rights, we find that it does not violate the Contracts Clause of the US Constitution (see Van Dyke v U.S. Bank, N.A., ___ AD3d ___, ___, 2025 NY Slip Op 00933, *1-2 [1st Dept 2025]; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1070; Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487, 490 [1st Dept 2024]).
Lastly, we turn to the application of FAPA to the instant action. It is undisputed that plaintiff accelerated the entire mortgage debt when it commenced the first action in August 2012, and that it commenced the instant action seeking to foreclose on the same mortgage debt in June 2019[*4]. As the instant action was brought more than six years after plaintiff accelerated the debt, it is barred by the statute of limitations applicable to foreclosure actions, and Supreme Court properly granted defendants' motion for summary judgment and dismissed the complaint against them (see CPLR 213 [4]; RPAPL 1301 [3]; HSBC Bank, USA, N.A. v Bresler, 212 AD3d 1, 3 [3d Dept 2022]). Plaintiff's remaining contentions, to the extent not expressly addressed herein, have been examined and found to lack merit.
Egan Jr., J.P., Powers and Mackey, JJ., concur.
ORDERED that the order and the judgment are affirmed, with costs.

Footnotes

Footnote 1: When the Court of Appeals decided Matter of Huie (Furman), CPLR former 2221 did not distinguish between a motion to reargue and a motion to renew. Although the Legislature amended CPLR 2221 to distinguish between the two and to impose a statutory time limit on when a motion to reargue may be brought, no such statutory time limit exists for a motion to renew (compare CPLR 2221 [d] [3], as amended by L 1999, ch 281, § 1, with CPLR 2221 [e]).