■ PARISI ENTERPRISES INC. PROFIT SHARING TRUST, Respondent, v ANTHONY SETTIMO et al., Appellants. [603 NYS2d 571] — In a mortgage foreclosure action, the defendants appeal from an order of the Supreme Court, Nassau County (Morrison, J.), entered July 22, 1991, which, in effect, granted the plaintiff's motion, inter alia, for summary judgment.

Ordered, that the order is affirmed, with costs.

The defendants defaulted on payments due pursuant to a promissory note they had executed. Thereafter, the plaintiff commenced this action to foreclose a mortgage given by the defendants to secure the promissory note. The defendants had originally executed the note and mortgage in order to obtain funds for an investment which subsequently failed.

The plaintiff moved, in effect, for summary judgment and the Supreme Court granted the motion, finding, inter alia, that there existed no material question of fact with respect to the defendants' claimed defenses. We agree.

A review of the record reveals that the defendants' allegations of fraud, misrepresentation and conspiracy involving the underlying investment rest upon unsubstantiated assertions

which are insufficient to create genuine issues of fact for trial *(see, Andre v Pomeroy,* 35 NY2d 361, 364; *Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 342). "It is well settled that 'a shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough' to defeat a motion for summary judgment" *(Mayer v McBrunigan Constr. Corp.,* 105 AD2d 774, quoting *Gelb v Bucknell Press,* 69 AD2d 829, 830; *see, American Sav. Bank v Imperato,* 159 AD2d 444; *Morowitz v Naughton,* 150 AD2d 536, 537). Inasmuch as the defendants' assertions failed to establish the existence of material questions of fact, the Supreme Court properly granted judgment to the plaintiff.

The defendants' remaining contentions are without merit *(see,* CPLR 3212 [f]; *Plotkin v Franklin,* 179 AD2d 746; *Kennerly v Campbell Chain Co.,* 133 AD2d 669). Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.