■ BRYAN MCELWAIN, Respondent, v PHILIP B. OLASHANSKY, Defendant, and LENNY & JOHN PIZZERIA, Appellant. [631 NYS2d 886] —In an action to recover damages for personal injuries, the defendant Lenny & John Pizzeria appeals from an

order of the Supreme Court, Kings County (I. Aronin, J.), dated April 12, 1994, which denied its motion for summary judgment dismissing the complaint as against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed as against the defendant Lenny & John Pizzeria, and the action against the remaining defendant is severed.

On April 20, 1989, the plaintiff, while a pedestrian, was struck by a motor vehicle owned and operated by the defendant Philip Olashansky. The plaintiff commenced this action against Olashansky and the appellant Lenny & John Pizzeria. The complaint alleged that at the time of the accident Olashansky was an employee of the appellant and acting within the scope of his employment, and thus, sought to impose liability against the appellant under the doctrine of respondeat superior.

In support of its motion for summary judgment, the appellant submitted evidence in admissible form that although Olashansky was employed by the appellant as a deliveryman, he was not working at the time of the accident. Both Olashansky and the appellant's owner testified at their examinations before trial that Olashansky was not working on the day of the accident. The appellant's owner provided an affidavit to the same effect. Since the appellant established a prima facie showing of entitlement to judgment as a matter of law, it was then incumbent on the plaintiff to create a genuine issue of fact for trial (see, Andre v Pomeroy, 35 NY2d 361; Parisi Enters. Inc. Profit Sharing Trust v Settimo, 198 AD2d 272). The plaintiff failed to do so. The evidence relied upon by the plaintiff consisted merely of such incidental facts as the accident occurring in the vicinity of the appellant's business, and Olashansky's failure to remember where he was going at the time. None of this evidence directly contradicts the sworn evidence that Olashansky was not working at the time of the accident and is of a highly speculative and conclusory nature. Accordingly, summary judgment should have been granted to the appellant. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.