■ Doreen Simms, Individually and. as Administratrix of the Estate of Derek A. Simms, Deceased, Respondent, v City of New York, Defendant, Multi-State Handling Corporation et al., Respondents, and Willets Point Contracting Corporation, Appellant. [633 NYS2d 209] —In an action to recover damages for personal injuries and wrongful death, the defendant Willets Point Contracting Corporation appeals from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 2, 1994, as denied the branch of its motion which was for summary judgment dismissing the plaintiff's causes of action pursuant to Labor Law § 200 and, in effect, all cross claims insofar as they are asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiff-respondent and the defendants-respondents, the branch of the motion of Willets Point Contracting Corporation which was for summary judgment dismissing the plaintiff's causes of action pursuant to Labor Law § 200 is granted, the complaint and all cross claims are dismissed insofar as asserted against it, and the action against the remaining defendants is severed.

The defendant Willets Point Contracting Corporation (hereinafter Willets Point) was hired by the City of New York as general contractor of a roadway construction project. Willets Point hired the defendant Multi Trucking Inc., as a subcontractor to remove earth and construction debris from construction sites. This earth and debris was dumped at a landfill owned by the defendant McCormack Sand Company, Inc.

On March 27, 1986, the plaintiff's decedent, Derek A. Simms, an employee of Multi Trucking Inc., drove a dump truck from the construction site to the landfill. Once at the landfill, he pulled up next to a dump truck driven by the defendant Julio

Luciano, another employee of Multi Trucking Inc., who was dumping a load from a different work site. While Luciano's trailer was in a "fully erect position", it detached and "toppled to the left" onto the decedent's truck crushing him to death.

In denying the branch of Willets Point's motion for summary judgment which was to dismiss, insofar as asserted against it, those causes of action in the complaint based on a violation of Labor Law § 200, the Supreme Court stated: "The court does, however, find an issue of fact as to defendant Willets Point's control of Mr. Simms. The EBT testimony of Kenneth Tully the witness of Willets Point indicated that he did observe the unloading of the trucks at the landfill and that he provided supervision for the Multi Trucking trucks and drivers during the period they were hauling the excavation material as part of the road construction job. Thus, there is an issue of fact as to Willets' liability under Labor Law § 200."

We disagree with the Supreme Court's determination.

Labor Law § 200 is a codification of the common law duty imposed upon an owner or general contractor to provide construction-site workers with a safe place to work. The Court of Appeals has held that "[a]n implicit precondition to this duty 'is that the party charged with that responsibility have the authority to control the activity bringing about the injury'" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494).

In his EBT testimony, Kenneth Tully, a trucking supervisor for Willets Point, indicated that he visited the dump site "to check on the efficiency of the trucks and see how well they were running", and provided the drivers with "routing and destinations". However, Tully testified at his EBT that neither he nor anyone from Willets Point supervised or controlled the dumping of the trucks' loads at the dump site. Specifically, Tully testified at his EBT as follows:

"Q. Did you provide any supervision of the dumping of the trucks at this * * * site during that same time period?

"A. No, I didn't * * *

"Q. Again during the same time period, did you ever give instructions to any of the Multi drivers as to procedures to be utilized when dumping at this site or any other site?

"A. No * * *

"Q. Did Willets provide any guidelines or instructions to the Multi drivers as to the safe operation of their vehicles regarding where and how to dump excavation materials?

"A. Not to my knowledge, no."

Similarly, Willets Point's construction supervisor, in an affidavit submitted in support of the motion for summary judgment, stated: "No Willets employee accompanied Multi-Trucking to the dumpsite or assisted in their truck's unloading * * * Multi-Trucking's activities and methods away from the construction site in disposing of the debris were left to Multi-Trucking's own discretion with no control or supervision exercised over Multi-Trucking or instructions issued by Willets in that matter. Willets did not supervise or control Multi-Trucking, its vehicles or its employees once they left the construction project."

Since Willets Point established a prima facie showing of entitlement to judgment as a matter of law, it was then incumbent on the plaintiff to create a genuine issue of fact for trial (see, Andre v Pomeroy, 35 NY2d 361; Parisi Enters. Inc. Profit Sharing Trust v Settimo, 198 AD2d 272). The evidence relied on by the plaintiff, and various other defendants, was "speculative and conclusory" in nature (McElwain v Olashansky, 220 AD2d 394) and insufficient to establish a triable issue of fact. Therefore, the plaintiff's causes of action based on a violation of Labor Law § 200 must be dismissed. Since the remaining causes of action asserted against Willets Point, based on violations of Labor Law §§ 240 and 241, were dismissed by the Supreme Court, and no cross appeal has been taken by the plaintiff, the complaint must be dismissed in its entirety insofar as asserted against Willets Point. Mangano, P. J., Bracken, Miller and Santucci, JJ., concur.