■ RAYMOND F. KREMPA et al., Appellants, v F & B CONSTRUCTION, INC., Respondent and Third-Party Plaintiff. PINE HILL CONCRETE, Third-Party Defendant-Respondent. [649 NYS2d 559] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of third-party defendant and the cross motion of defendant for summary judgment dismissing the complaint. Initially, we agree with plaintiffs that defendant, as a subcontractor, could be liable under Labor Law § 200 because it controlled the job site and directed the work of Raymond F. Krempa (plaintiff) (*see generally, Russin v Picciano & Son,* 54 NY2d 311, 317; *cf., Wright v Nichter Constr. Co.,* 213 AD2d 995; *Hooper v Anderson,* 157 AD2d 939). It is settled law, however, that a party potentially liable under Labor Law § 200 or for common-law negligence "has no duty to protect workers against a condition that may be readily observed" (*McGrath v Lake Tree Vil. Assocs.,* 216 AD2d 877, 878; *see, Stephens v Tucker,* 184 AD2d 828, 830; *McAdam v Sadler,* 170 AD2d 960, *lv denied* 77 NY2d 810). Here, defendant and third-party defendant established that the wire mesh over which plaintiff tripped was readily observable; indeed, plaintiff testified that he saw the wire mesh and knew that it was on the driveway before he left his truck to pour concrete. The burden thus shifted to plaintiffs, who failed to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

We conclude, therefore, that the court properly granted the motion and cross motion insofar as they sought dismissal of the common-law negligence and Labor Law § 200 causes of action. Plaintiffs have abandoned their contention that the court erred in dismissing the Labor Law § 241 (6) cause of action by failing to brief that issue (*see, Ciesinski v Town of Aurora,* 202 AD2d 984). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.