JEFFREY SHANDRAW, Respondent-Appellant, v TOPS MARKETS, INC., et al., Appellants-Respondents. CAMRIDGE CONSTRUCTION, LTD., Third-Party Plaintiff-Respondent-Appellant, v ALP STEEL, Third-Party Defendant, and CONTOUR ERECTION AND SIDING SYSTEMS, INC., Third-Party Defendant-Appellant. [665 NYS2d 486] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, an ironworker employed on a construction project by third-party defendant Contour Erection and Siding Systems, Inc. (Contour), commenced this action against Tops Markets, Inc. (Tops), the owner of the property, and Camridge Construction, Ltd. (Camridge), the general contractor on the construction project, for personal injuries he allegedly sustained when his foot or ankle "rolled" on a piece of gravel, rock or broken-up blacktop pavement as he was moving a 500-pound steel I-beam. He alleged causes of action for common-law negligence and violations of Labor Law §§ 200 and 241 (6). Camridge commenced a third-party action against Contour and Alp Steel, subcontractors on the construction project.

Tops, Camridge and Contour moved for summary judgment dismissing the complaint. Supreme Court granted the motions for summary judgment in part by dismissing the Labor Law § 241 (6) cause of action and by dismissing the common-law negligence and Labor Law § 200 causes of action except "to the extent [p]laintiff contends that there existed a dangerous condition on the ground surface of the premises itself".

The court properly dismissed the Labor Law § 241 (6) cause of action based upon a violation of 12 NYCRR 23-1.7 (e) (2). Although that regulation is sufficiently specific to support a Labor Law § 241 (6) cause of action (*see, Adams v Glass Fab,* 212 AD2d 972, 973), we conclude that it does not apply in the circumstances of this case because the area where plaintiff was working does not constitute a floor, platform or similar area

(*see, McGrath v Lake Tree Vil. Assocs.,* 216 AD2d 877, 878; *Stairs v State St. Assocs.,* 206 AD2d 817, 818; *cf., Cafarella v Harrison Radiator Div.,* 237 AD2d 936).

The court should have dismissed the common-law negligence and Labor Law § 200 causes of action in their entirety, and we modify the order to grant that relief. "[A] party potentially liable under Labor Law § 200 or for common-law negligence 'has no duty to protect workers against a condition that may be readily observed'" (*Krempa v F & B Constr.,* 233 AD2d 918, *lv denied* 89 NY2d 817, quoting *McGrath v Lake Tree Vil. Assocs., supra,* at 878; *see, Ramski v Zappia Enters.,* 229 AD2d 990). Here, defendants and third-party defendant Contour established that the gravel, rock or broken-up blacktop pavement on which plaintiff allegedly "rolled" his foot or ankle was readily observable. Plaintiff himself testified at his deposition that he had seen those conditions the day before and the morning of his accident. Plaintiff failed to raise a triable issue of fact whether the conditions were readily observable (*see, Krempa v F & B Constr., supra,* at 918). (Appeals from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.