■ HERBERT BRATTON, JR., Appellant, v J.L.G. INDUSTRIES, INC., Defendant, TRI-MARK METAL CORPORATION et al., Respondents, and SKY HOOK, INC., Defendant and Third-Party Plaintiff-Respondent. PORT CHESTER ELECTRICAL CONSTRUCTION CORP. et al., Third-Party Defendants-Respondents. [669 NYS2d 53] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 2, 1996, as granted (1) those branches of the respective motions of the defendants Tri-Mark Metal Corporation and General Motors Corporation which were for summary judgment dismissing the causes of action based on Labor Law §§ 200 and 241 (6) insofar as asserted against them, and (2) that branch of the motion of the defendant Sky Hook, Inc., which was for summary judgment dismissing the cause of action based on negligence insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from,

with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff was injured on a construction site owned by the defendant General Motors Corporation (hereinafter General Motors) while employed by the third-party defendant Port Chester Electrical Construction Corp., with whom the defendant Tri-Mark Metal Corporation (hereinafter Tri-Mark) contracted to do electrical work.

The Supreme Court properly granted the motion of General Motors and Tri-Mark for summary judgment dismissing the plaintiff's cause of action based on Labor Law § 200. The record supports the conclusion that neither of these defendants directed or controlled the plaintiff's work (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Simms v City of New York,* 221 AD2d 332).

The plaintiff's cause of action under Labor Law § 241 (6) was also properly dismissed insofar as asserted against General Motors and Tri-Mark as the plaintiff failed to plead or prove a violation of a specific safety regulation promulgated by the New York State Commissioner of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494).

Lastly, the Supreme Court correctly determined that, on this record, there is no basis upon which the defendant Sky Hook, Inc. may be found liable to the plaintiff. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.