■ RACHEL MOR et al., Respondents, v YESHIVA YESODE HA-
TORAH NACHLALS YAKOV, Doing Business as VIENER DAY CAMP,
Respondent, and UNITED SKATES OF AMERICA, Appellant. (And
a Third-Party Action.) [681 NYS2d 586] —In an action to recover
damages for personal injuries, etc., the defendant United
Skates of America appeals, as limited by its brief, from so much
of an order of the Supreme Court, Kings County (Rappaport,
J.), dated October 6, 1997, as denied its motion for summary
judgment dismissing the complaint and all cross claims insofar
as asserted against it.

Ordered that the order is reversed insofar as appealed from,
on the law, with costs, the motion is granted, and the com-
plaint and all cross claims are dismissed insofar as asserted
against the appellant.

Whether measured against New Jersey standards (see, NJ
Stat Annot §§ 5:14-6, 5:14-7; cf., Calhanas v South Amboy
Roller Rink, 292 NJ Super 513, 679 A2d 185 [1996]) or those
under New York law (see, Morgan v State of New York, 90
NY2d 471), the injured plaintiff must be deemed to have as-
sumed the risk of losing her balance and falling while roller
skating at the appellant's roller skating rink, located in New
Jersey (see, Sorice v Captree Homes, 250 AD2d 755; see also,
Maddox v City of New York, 66 NY2d 270). Contrary to the
plaintiffs' contentions, their submissions on the appellant's mo-
tion for summary judgment dismissing the complaint and all
cross claims insofar as asserted against it, failed to raise issues
of fact with respect to the claim that the appellant enhanced
the risks inherent in the sport (see, Kazlow v City of New York,
253 AD2d 411; Loewenthal v Catskill Funland, 237 AD2d 262;
cf., Baker v Briarcliff School Dist., 205 AD2d 652). Miller, J. P.,
Copertino, Thompson and Friedmann, JJ., concur.