JOHN P. DITZ, Appellant, v MYRIAD CONSTRUCTIONS, INC., Defendant, and B. MILLIGAN CONTRACTING, INC., Respondent. (Appeal No. 1.) [703 NYS2d 794] —Order unanimously affirmed without costs. Memorandum: Although Supreme Court properly granted the motion of defendant B. Milligan Contracting, Inc. (Milligan) for summary judgment dismissing the complaint against it (appeal No. 1), the court erred in granting summary judgment to defendant Myriad Constructions, Inc. (Myriad) pursuant to CPLR 3212 (b) and dismissing the complaint against it (appeal No. 2). Plaintiff, an employee of third-party defendant General Electric Company (GE), commenced this action to recover damages for injuries that he sustained when he stepped in a hole in the raised floor of a room at a GE testing site that was being prepared for demolition by defendants. The complaint alleges a single cause of action against both defendants because plaintiff did not know which defendant was the responsible party. Milligan met its initial burden of establishing that it did not create the dangerous condition and that, because the condition was readily observable and known to plaintiff before the accident, there was no duty to warn of its presence (see, Gaggiano v Sinicki, 255 AD2d 953). In response, plaintiff failed to raise a material issue of fact. Plaintiff contends that Milligan is a general contractor and responsible for the negligence of Myriad as a subcontractor pursuant to Labor Law § 241 (6) (see, Rizzuto v Wenger Contr. Co., 91 NY2d 343, 348-349). Documentary proof establishes, however, that each defendant was a prime contractor employed by GE to perform specific tasks. "[P]rime contractors incur no liability for personal injuries arising out of work not specifically delegated to them" (Russin v Picciano & Son, 54 NY2d 311, 315). In any event, plaintiff failed to allege or prove the violation of any specific safety regulation (see, Bratton v J.L.G. Indus., 247 AD2d 571, 572).

With respect to Myriad, however, there is an issue of fact whether Myriad created the dangerous condition. The fact that the hole was readily observable and known to plaintiff is relevant to the issue of plaintiff's comparative negligence and does not negate the duty of Myriad to keep its worksite reasonably safe (*see, Crawford v Marcello,* 247 AD2d 907). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Lawton, JJ.