■ WILLIAM A. WEBER, Respondent, v HUDSON RIVER PE-
TROLEUM CORP. et al., Appellants, et al., Defendants. [711 NYS2d
758] —In an action to recover damages for personal injuries,
the defendants Hudson River Petroleum Corp. and Lakeland-
Merit-Armstrong, Inc., appeal from an order of the Supreme
Court, Westchester County (Coppola, J.), entered September
20, 1999, which granted that branch of the plaintiff's motion
which was for partial summary judgment on the issue of li-
ability on the first cause of action alleging a violation of Labor
Law § 240 (1) insofar as asserted against them, and denied
their cross motion for summary judgment dismissing the first
cause of action, the second cause of action alleging common-
law negligence, and the third cause of action alleging a viola-
tion of Labor Law § 200, insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting
the provision thereof denying those branches of the appellants'
cross motion which were for summary judgment dismissing the
second and third causes of action in the complaint insofar as
asserted against them, and substituting therefor a provision
granting those branches of the cross motion; as so modified,
the order is affirmed, without costs or disbursements.

The Supreme Court properly granted the plaintiff partial
summary judgment on the issue of liability on his cause of ac-
tion alleging a violation of Labor Law § 240 (1). The evidence
submitted in support of the motion established that the appel-
lants failed to furnish a proper safety device to protect the
plaintiff in the performance of his work at an elevated height
and that their failure to do so was a proximate cause of the ac-
cident. In opposition, the appellants failed to come forward
with evidence sufficient to raise a triable issue of fact (*see, Zim-
mer v Chemung County Performing Arts,* 65 NY2d 513).

The court erred, however, in declining to grant summary
judgment dismissing the plaintiff's second cause of action al-
leging common-law negligence and his third cause of action al-
leging a violation of Labor Law § 200, insofar as asserted
against the appellants, as there is no evidence that the appel-
lants supervised, directed, or controlled his work (*see, Comes v
New York State Elec. & Gas Corp.,* 82 NY2d 876; *Bratton v
J.L.G. Indus.,* 247 AD2d 571; *Briglio v J.D.K. Group,* 238 AD2d
297). S. Miller, J. P., Altman, H. Miller and Schmidt, JJ.,
concur.