■ Audrey A. Waszak, Respondent-Appellant, v State of New York, Appellant-Respondent. (Claim No. 87776.) [713 NYS2d 397] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this action by claimant to recover for injuries sustained at a construction site, defendant appeals, contending that the Court of Claims erred in denying that part of its motion seeking summary judgment dismissing the cause of action under Labor Law § 241 (6) insofar as it is based on the alleged violation of 12 NYCRR 23-1.23 (a) and (b). Claimant cross-appeals, contending that the court erred in granting that part of defendant's motion seeking summary judgment dismissing the cause of action under Labor Law § 200 and the cause of action under Labor Law § 241 (6) insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (d), (e) and (f) and 23-4.3.

The court erred in dismissing the cause of action under Labor Law § 200 on the ground that the allegedly dangerous condition was readily observable (see, Reisch v Amadori Constr. Co.,

273 AD2d 855). The alleged open and obvious nature of the condition is relevant to claimant's comparative negligence but does not negate the duty of a defendant to maintain its worksite in a reasonably safe condition (*see, Ditz v Myriad Constrs.,* 269 AD2d 874). The testimony of defendant's representatives raises a triable issue of fact concerning whether defendant had the requisite supervision and control over the work and worksite (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 353; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 506; *Young v Buffalo Color Corp.,* 255 AD2d 920).

The court properly sustained the cause of action under Labor Law § 241 (6) insofar as it alleges a violation of 12 NYCRR 23-1.23 (b). That regulation, which governs the maximum slopes of earthen ramps and runways, may apply to the facts of this case depending upon whether the fall occurred on the ramp, and thus there is a triable issue of fact concerning whether defendant violated that regulation. The court erred, however, in sustaining the cause of action insofar as it alleges a violation of 12 NYCRR 23-1.23 (a). As a matter of law, the regulation, to the extent that it is sufficiently specific to support a Labor Law § 241 (6) cause of action (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502-503, *supra*), is inapplicable to the accident as described by claimant (*cf., Doty v Eastman Kodak Co.,* 229 AD2d 961, 962, *lv dismissed in part and denied in part* 89 NY2d 855).

The court properly determined that the remaining regulations relied on by claimant are inapplicable (*see, Gottstine v Dunlop Tire Corp.,* 272 AD2d 863; *Motyka v Ogden Martin Sys.,* 272 AD2d 980; *Bale v Pyron Corp.,* 256 AD2d 1128; *Gielow v Rosa Coplon Home,* 251 AD2d 970, 971-972, *lv dismissed in part and denied in part* 92 NY2d 1042, *rearg denied* 93 NY2d 889).

We modify the order, therefore, by denying that part of defendant's motion seeking summary judgment dismissing the cause of action under Labor Law § 200, reinstating that cause of action, and granting that part of defendant's motion seeking summary judgment dismissing the cause of action under Labor Law § 241 (6) insofar as it alleges a violation of 12 NYCRR 23-1.23 (a). (Appeals from Order of Court of Claims, Corbett, Jr., J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.