LEO L. BAX et al., Appellants, v ALLSTATE HEALTH CARE, INC., Also Known as ALLSTATE HOME CARE OF NIAGARA INC., et al., Respondents. [809 NYS2d 378]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered January 12, 2005 in a personal injury action. The order, inter alia, granted defendants'

motions and cross motions for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this common-law negligence and Labor Law action seeking damages for injuries sustained by Leo L. Bax (plaintiff), a maintenance supervisor employed by a building management company, when he slipped and fell on the ice-covered roof of a building maintained by his employer and owned by defendant Colt Block Association, c/o Continental Securities Corporation (Colt). Plaintiff had gone to the roof in order to close two smoke hatches that had automatically opened when a false fire alarm was activated. The smoke hatches were inaccessible from inside the building and had been installed approximately 20 years earlier as part of a renovation project for which defendant Martin Rose Associates, P.C. (Rose) was the architect and defendant DiMarco Constructors Corp. served as the general contractor. Although Supreme Court granted the respective motions and cross motions of all of the defendants for summary judgment dismissing the complaint against them, plaintiffs, as limited by their brief on appeal, contend only that the court erred insofar as it granted those parts of the motion of Rose and the cross motions of Colt and defendants DiMarco Constructors Corp. and J. DiMarco Builders (collectively, DiMarco) for summary judgment dismissing the first cause of action, for common-law negligence, the second cause of action, asserting the violation of Labor Law § 240 (1), and that part of the third cause of action asserting the violation of Labor Law § 240 (1) against them. We affirm.

Addressing first Labor Law § 240 (1), we conclude that the court properly granted those parts of the motion of Rose and the cross motions of Colt and DiMarco for summary judgment dismissing that cause of action and claim on the ground that plaintiff was not engaged in a protected activity under that statute. Contrary to plaintiffs' contention, although the task of closing the smoke hatches entailed cleaning the hatches of snow and ice and bending one of the latches so that it would catch, the task did not constitute a "repair" of the building within the meaning of section 240 (1) (cf. *Fuller v NC3, Inc.*, 256 AD2d 1126, 1127 [1998]; *Cook v Presbyterian Homes of W. N.Y.*, 234 AD2d 906, 907 [1996]). Rather, plaintiff's activity amounted only to routine maintenance, an activity not protected by Labor Law § 240 (1) (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Barbarito v County of Tompkins*, 22 AD3d 937, 938-939 [2005]; *see also Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]).

With respect to the common-law negligence cause of action, we note at the outset that both plaintiffs and Rose submitted "affirmations" of architects as expert opinion evidence. Pursuant to CPLR 2106, however, only the affirmation of an attorney, physician, osteopath or dentist is entitled to be considered "in lieu of and with the same force and effect as an affidavit" (CPLR 2106; *see Sam v Town of Rotterdam*, 248 AD2d 850, 851 [1998], *lv denied* 92 NY2d 804 [1998]). Nevertheless, it does not appear from the record before us that there were any objections that the architects' affirmations did not constitute the requisite "evidentiary proof in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and we thus deem the deficiencies to have been waived (*see Shinn v Catanzaro*, 1 AD3d 195, 197-198 [2003]; *Sam*, 248 AD2d at 851-852; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 351 n 3 [2002]).

Turning to the merits of the common-law negligence cause of action, we conclude that the court also properly granted those parts of the motion of Rose and the cross motions of Colt and DiMarco for summary judgment dismissing that cause of action, although our reasoning differs from that of Supreme Court. The court erred in concluding that the cause of action is barred on the ground that the icy condition of the roof was open and obvious. The fact that a dangerous condition is open and obvious does not negate the duty to maintain premises in a reasonably safe condition but, rather, bears only on the injured person's comparative fault (*see e.g. Maza v University Ave. Dev. Corp.*, 13 AD3d 65 [2004]; *Tulovic v Chase Manhattan Bank*, 309 AD2d 923 [2003]; *MacDonald v City of Schenectady*, 308 AD2d 125, 126-127 [2003]; *Waszak v State of New York*, 275 AD2d 916 [2000]; *Ditz v Myriad Constrs.*, 269 AD2d 874 [2000]). To the extent that prior decisions of this Court hold to the contrary (*see e.g. Millson v Arnot Realty Corp.*, 266 AD2d 918 [1999]; *Shandraw v Tops Mkts.*, 244 AD2d 997 [1997]; *Hill v Corning Inc.*, 237 AD2d 881 [1997], *lv denied in part and dismissed in part* 90 NY2d 884 [1997]), they should no longer be followed.

Here, Rose established in support of its motion that it was not negligent in the design of the roof renovation, that the renovation as completed conformed with applicable building codes, and that the roof was in a reasonably safe condition, and we conclude that plaintiffs failed to raise a triable issue of fact in response thereto (*see generally Zuckerman*, 49 NY2d at 562). In opposition, plaintiffs submitted the "affirmation" of an architect who opined that the roof renovation was negligently designed and constructed because it contained a safety railing only in the area of the access door to the roof and was not equipped with a

parapet wall or safety railing around the perimeter and courtyard opening, in violation of the applicable building code. The expert's reliance on the absence of a parapet wall or railing is not probative because neither of plaintiff's two falls occurred at the roof perimeter or courtyard opening, and thus the assertion that plaintiff would have protected himself from falling by grasping such a parapet wall or railing is mere speculation (see *Hyman v Queens County Bancorp, Inc.*, 3 NY3d 743, 745 [2004]; *Jenkins v New York City Hous. Auth.*, 11 AD3d 358, 359-360 [2004]; *Beecher v Northern Men's Sauna*, 272 AD2d 281, 282 [2000]). Moreover, plaintiff's slip and fall on the roof, rather than from the roof, is not "a consequence against which the regulation [requiring roof parapets walls or railings] was intended to protect," and there is thus no nexus between the alleged building code violation and plaintiff's injury (*O'Leary v American Airlines*, 100 AD2d 959, 960 [1984]; see *Farkas v Saary*, 191 AD2d 178, 180 [1993]).

In addition, plaintiffs' expert noted that there was no means by which to "breach the height" from the upper roof level, where one gained access to the roof, to the lower roof level where the smoke hatches were located. The opinion of plaintiffs' expert that there should have been a ladder or ladders to provide a means of access from the upper to the lower roof level is not probative because it is "speculative [and] unsupported by any evidentiary foundation" (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). The record demonstrates that, at the location where plaintiff fell, the vertical distance between the two roof levels is at most two feet. Moreover, plaintiffs' expert fails to identify any specific standard, statute or building code as the basis for his opinion that a ladder or ladders should have been placed between the roof levels, and thus his "affirmation" is insufficient to raise a triable issue of fact with respect thereto (see *Baehre v Sagamore Resort Hotel*, 4 AD3d 810, 811 [2004]; *Veccia v Clearmeadow Pistol Club*, 300 AD2d 472 [2002]; *Cicero v Selden Assoc.*, 295 AD2d 391, 392 [2002]; see generally *Romano v Stanley*, 90 NY2d 444, 451-452 [1997]).

Because Rose established as a matter of law that its renovation plans were not defective, it cannot be said that DiMarco was negligent for following them, and there is no evidence that DiMarco was otherwise negligent (see generally *Ryan v Feeney & Sheehan Bldg. Co.*, 239 NY 43, 46 [1924], *rearg denied* 239 NY 604 [1924]; *Dear v Falk* [appeal No. 2], 252 AD2d 961 [1998]). Similarly, the record establishes that Colt neither created nor had actual or constructive notice of a dangerous condition with respect to the roof, and thus Colt established its

entitlement to judgment as a matter of law dismissing the common-law negligence cause of action against it (*see Gernat v State of New York*, 23 AD3d 1015, 1015-1016 [2005]; *Bunce v Eastman Kodak Co.*, 299 AD2d 909 [2002]; *see generally Kuchman v Olympia & York, USA*, 238 AD2d 381 [1997]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Smith, JJ.