■ DANIEL ROOSA et al., Appellant-Respondents, v CORNELL REAL PROPERTY SERVICING, INC., et al., Respondents-Appellants.

David Christa Construction, Inc., Third-Party Plaintiff, v Spring Lake Excavating, Third-Party Defendant-Respondent-Appellant. [831 NYS2d 784]—

Appeal and cross appeals from an order of the Supreme Court, Wayne County (Stephen R. Sirkin, A.J.), entered March 30, 2006 in a common-law negligence and Labor Law action. The order granted in part and denied in part the motions of defendants and third-party defendant for summary judgment and dismissed the common-law negligence and Labor Law §§ 200 and 240 (1) claims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the motions of defendants David Christa Construction, Inc. and David Christa Construction, LLC and third-party defendant with respect to the common-law negligence and Labor Law § 200 claims and reinstating those claims against those defendants and by granting those parts of the motions with respect to the Labor Law § 241 (6) claims and dismissing those claims except insofar as they are based upon the alleged violation of 12 NYCRR 23-1.7 (a) and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this common-law

negligence and Labor Law action seeking to recover damages for injuries sustained by Daniel Roosa (plaintiff) when he was struck by a branch at the construction site where he was working. Cornell Real Property Servicing, Inc. and Cornell University (collectively, Cornell defendants) were the owners of the construction site, and the general contractor was David Christa Construction, Inc. and David Christa Construction, LLC (collectively, Christa Construction defendants). The Christa Construction defendants thereafter commenced a third-party action against third-party defendant, Spring Lake Excavating (Spring Lake), plaintiff's employer.

Supreme Court properly denied those parts of the motions of defendants and Spring Lake for summary judgment dismissing the Labor Law § 241 (6) claims insofar as they are based upon the alleged violation of 12 NYCRR 23-1.7 (a). That regulation is sufficiently specific to support a Labor Law § 241 (6) claim (see Terry v Mutual Life Ins. Co. of N.Y., 265 AD2d 929 [1999]; see generally Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]), and the evidence submitted by defendants and Spring Lake, including the deposition testimony of plaintiff and the crane operator, establishes that there were prior incidents of branches falling from trees. We thus conclude that there is an issue of fact whether the work site was "normally exposed to falling material or objects" (12 NYCRR 23-1.7 [a] [1]). We conclude, however, that the court erred in denying those parts of the motions for summary judgment dismissing the Labor Law § 241 (6) claims insofar as they are based upon the alleged violations of 12 NYCRR 23-8.1 (f) (2) and 23-8.2. Those sections are inapplicable to this case because there is no evidence that the accident was caused by the crane or that the crane came in contact with the trees (see generally Nastasi v Span, Inc., 8 AD3d 1011, 1012 [2004]). We further conclude that those parts of the motions for summary judgment dismissing the Labor Law § 241 (6) claims should be granted with respect to the remaining Industrial Code sections set forth in plaintiffs' bill of particulars in response to defendants' demands inasmuch as plaintiffs have abandoned any reliance on those sections on appeal (see Ciesinski v Town of Aurora, 202 AD2d 984 [1994]). We therefore modify the order accordingly.

The court properly granted those parts of the motion of the Cornell defendants for summary judgment dismissing the common-law negligence and Labor Law § 200 claims against them. Those defendants established as a matter of law that they neither created nor had actual or constructive notice of the dangerous condition, and they further established they did not

supervise plaintiff's work (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Alnutt v J&E Elec.*, 28 AD3d 1214, 1215 [2006]), and plaintiffs failed to raise an issue of fact to defeat that part of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although a representative of the Cornell defendants was at the work site on a daily basis, the Cornell defendants nevertheless are not liable inasmuch as their representative had no contact with Spring Lake and did not exercise supervisory control over the methods of plaintiff's work (*see Cooper v Sonwil Distrib. Ctr., Inc.*, 15 AD3d 878, 879 [2005]; *Riley v Stickl Constr. Co.*, 242 AD2d 936, 936-937 [1997]).

The court erred, however, in granting those parts of the motions of the Christa Construction defendants and Spring Lake for summary judgment dismissing the common-law negligence and Labor Law § 200 claims against the Christa Construction defendants. We therefore further modify the order accordingly. The record establishes that those defendants, as the general contractor, were responsible for tree removal and fencing and that, after the fence was installed, tree branches hung over the fence and into the work site. The witnesses characterized the work site as "congested" or "tight" and, although the field manager for the Christa Construction defendants and the president of Spring Lake received complaints concerning the trees, the trees were not removed. The record does not support the further contention of the Christa Construction defendants that they are entitled to summary judgment because the accident was caused solely by the work methods employed by Spring Lake, and because the condition of the overhanging branches was well known to plaintiff. "The fact that a dangerous condition is open and obvious does not negate the duty to maintain premises in a reasonably safe condition but, rather, bears only on the injured person's comparative fault" (*Bax v Allstate Health Care, Inc.*, 26 AD3d 861, 863 [2006]; *see Ditz v Myriad Constrs.*, 269 AD2d 874, 875 [2000]; *cf. Gavigan v Bunkoff Gen. Contrs.*, 247 AD2d 750, 750-751 [1998], *lv denied* 92 NY2d 804 [1998]). Although the danger created by the branches was known to plaintiff, it cannot be said as a matter of law that plaintiff's actions were the sole proximate cause of the accident inasmuch as it is undisputed that the Christa Construction defendants were responsible for clearing the site, including the trees and for fencing, and those conditions contributed to the accident (*see generally Zuckerman*, 49 NY2d at 562). We thus conclude that there is an issue of fact whether those defendants created or had actual or constructive notice of the dangerous condition created by the overhanging branches. Present— Martoche, J.P., Smith, Lunn, Fahey and Peradotto, JJ.