■ WILLIAM JASON TALBOT, Appellant, v JETVIEW PROPERTIES, LLC, et al., Defendants, and TOYODA-KOKI AUTOMOTIVE TORSEN NORTH AMERICA, INC., Respondent. [857 NYS2d 411]—

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered August 17, 2007 in a personal injury action. The order granted the motion of defendant Toyoda-Koki Automotive Torsen North America, Inc. for summary judgment dismissing the amended complaint against it.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he allegedly slipped on a wet surface in a parking lot at a facility "leased, owned or rented" by Toyoda-Koki Automotive Torsen North America, Inc. (defendant). We conclude that Supreme Court properly granted the motion of defendant seeking summary judgment dismissing the amended complaint against it. With respect to the first cause of action, alleging a Labor Law § 200 violation and common-law negligence, defendant established its entitlement to judgment as a matter of law by establishing that it neither had "the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998] [emphasis omitted]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]), nor did it create or have actual or constructive notice of the allegedly dangerous condition (*see Riordan v BOCES of Rochester*, 4 AD3d 869, 870-871 [2004]). Plaintiff failed to raise a triable issue of fact to defeat that part of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude that defendant established its entitlement to judgment as a matter of law with respect to the second cause of action, alleging a violation of Labor Law § 241 (6). As limited by his brief on appeal, plaintiff alleges that his injuries were caused by the violation of 12 NYCRR 23-1.7 (d), which prohibits employers from allowing employees "to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition" (12 NYCRR 23-1.7 [d]). Defendant met its initial burden with respect to that regulation by establishing that it does not apply because plaintiff slipped in the parking lot, and plaintiff failed to raise a triable

issue of fact in opposition to the motion (*see generally Zuckerman*, 49 NY2d at 562). We reject the contention of plaintiff that the area in which he slipped constitutes a passageway or a floor within the meaning of that regulation (*see Shandraw v Tops Mkts.*, 244 AD2d 997 [1997]; *Garland v Zelasko Constr.*, 241 AD2d 953 [1997]). Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.