# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1484**
**CA 10-01081**
PRESENT: MARTOCHE, J.P., SMITH, FAHEY, PERADOTTO, AND GREEN, JJ.

---

ROBIN CUSTODI AND JOHN CUSTODI,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

TOWN OF AMHERST, ET AL., DEFENDANTS,
PETER MUFFOLETTO AND SUSAN MUFFOLETTO,
DEFENDANTS-RESPONDENTS.

---

ANDREWS, BERNSTEIN & MARANTO, LLP, BUFFALO (ROBERT J. MARANTO, JR., OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

WATSON, BENNETT, COLLIGAN & SCHECHTER, LLP, BUFFALO (JOEL B. SCHECHTER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered February 24, 2010 in a personal injury action. The order granted the motion of defendants Peter Muffoletto and Susan Muffoletto for summary judgment dismissing plaintiffs' complaint against them.

It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is denied and the complaint against defendants Peter Muffoletto and Susan Muffoletto is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Robin Custodi (plaintiff) while rollerblading on Countryside Lane in defendant Town of Amherst. Plaintiff allegedly tripped over a two-inch height differential between the apron at the end of a driveway owned by Peter Muffoletto and Susan Muffoletto (defendants) and a culvert or "C curb" (hereafter, curb) that separated the driveway from the public roadway. We agree with plaintiffs that Supreme Court erred in granting the motion of defendants seeking summary judgment dismissing the complaint against them based on the doctrine of primary assumption of the risk. "Under [that] doctrine . . ., a person who voluntarily participates in a sporting activity generally consents, by his or her participation, to those injury-causing events, conditions[] and risks [that] are inherent in the activity" (*Cotty v Town of Southampton*, 64 AD3d 251, 253; *see generally Morgan v State of New York*, 90 NY2d 471, 483-486; *Turcotte v Fell*, 68 NY2d 432, 438-440). The policy underlying the doctrine of primary assumption of the risk is "to facilitate free and vigorous participation in athletic activities" (*Benitez v New York*

*City Bd. of Educ.*, 73 NY2d 650, 657; *see Anand v Kapoor*, 61 AD3d 787, 792, *affd* ___ NY3d ___ [Dec. 21, 2010]). The Court of Appeals has emphasized "that athletic and recreative activities possess enormous social value, even while they involve significantly heightened risks[] and [that the Court has] employed the notion that [the] risks may be voluntarily assumed to preserve [those] beneficial pursuits as against the prohibitive liability to which they would otherwise give rise. [The Court has] *not applied the doctrine outside of [that] limited context[,] and it is clear that its application must be closely circumscribed if it is not seriously to undermine and displace the principles of comparative causation*" (*Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [emphasis added]).

We conclude that, under the circumstances of this case, the doctrine of primary assumption of the risk does not apply to the activity in which plaintiff was engaged at the time of her injury (*see Lauricella v Friol*, 46 AD3d 1459). On the day of the accident, plaintiff was rollerblading along Countryside Lane when she encountered an ice cream truck that had stopped in the roadway. To avoid the truck, plaintiff rollerbladed onto the sidewalk and thereafter attempted to re-enter the roadway using defendants' driveway. As she rollerbladed down the driveway, plaintiff looked to her left and to her right for oncoming traffic. Her foot then struck or caught something, and she tripped and fell at the edge of defendants' driveway. The evidence submitted by defendants in support of their motion established that plaintiff was an experienced rollerblader and that she was aware that tripping and falling are risks inherent in the activity, which are increased when rollerblading on uneven surfaces such as sidewalks. Defendants also submitted evidence, however, establishing that plaintiff had not rollerbladed on Countryside Lane prior to the date of the accident, that she did not observe the height differential between defendants' driveway apron and the curb prior to falling and that, in her prior rollerblading experience, she had not encountered a height differential of similar dimension. Thus, it cannot be said that the height differential between defendants' driveway apron and the curb was a "known, apparent or reasonably foreseeable consequence[]" of rollerblading on a paved roadway, sidewalk, or driveway (*Turcotte*, 68 NY2d at 439), nor can it be said "that plaintiff was aware of the [height differential] and the resultant risk" presented thereby (*Lamey v Foley*, 188 AD2d 157, 164). To the contrary, we conclude that the height differential between defendants' driveway apron and the curb " 'created a dangerous condition over and above the usual dangers that are inherent in the sport' " of rollerblading (*Morgan*, 90 NY2d at 485; *see Cotty*, 64 AD3d at 257; *see also Trupia*, 14 NY3d at 396; *Quackenbush v City of Buffalo*, 43 AD3d 1386, 1388-1389; *Andrews v County of Onondaga*, 298 AD2d 837). In other words, the risk of falling on improperly maintained premises is not a risk that is inherent in the activity undertaken by plaintiff in this case (*see Weller v Colleges of the Senecas*, 217 AD2d 280, 282-284; *see generally Morgan*, 90 NY2d at 484).

We cannot agree with defendants that the height differential between their driveway apron and the curb was an open and obvious condition and that they are thereby absolved of liability. It is well

settled that "the open and obvious nature of the allegedly dangerous condition . . . does not negate the duty to maintain [the] premises in a reasonably safe condition but, [instead], bears only on the injured person's comparative fault" (*Konopczynski v ADF Constr. Corp.*, 60 AD3d 1313, 1315 [internal quotation marks omitted]; *see Cupo v Karfunkel*, 1 AD3d 48, 52). In any event, we conclude that there is a triable issue of fact whether the height differential was open and obvious (*see Quackenbush*, 43 AD3d at 1388-1389; *Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 72).

We further conclude that there is a triable issue of fact whether the height differential was a proximate cause of the accident and plaintiff's resulting injuries. " 'As a general rule, issues of proximate cause are for the trier of fact' " (*Bucklaew v Walters*, 75 AD3d 1140, 1142). In support of their motion, defendants submitted the deposition testimony of plaintiff, who testified that, at the time of the accident, she did not know what caused her to fall. In opposition to the motion, however, plaintiffs submitted an affidavit in which plaintiff averred that, prior to entering the roadway, she felt one of her rollerblades strike something at the end of defendants' driveway apron that felt like a change in elevation and propelled her into the street. Plaintiff further averred that she did not observe any condition at the site of the accident, other than the height differential between the driveway apron and the curb, that could have caused her to fall. Thus, the record contains sufficient facts from which a factfinder could reasonably infer that the height differential caused the accident and plaintiff's resulting injuries (*see Bulman v P & R Enter.*, 17 AD3d 1139, 1140; *see also Belles v United Church of Warsaw*, 66 AD3d 1470).

We therefore reverse the order, deny the motion and reinstate the complaint against defendants.

All concur except MARTOCHE, J.P., and SMITH, J., who dissent and vote to affirm in the following Memorandum: We agree with Supreme Court that the doctrine of primary assumption of risk bars plaintiffs' recovery. We therefore respectfully dissent and would affirm the order granting the motion of defendants for summary judgment dismissing the complaint against them.

Plaintiff, who testified at her deposition that she was an experienced rollerblader whose skill level was "between intermediate and advanced," was rollerblading in the street near defendants' house. An ice cream truck blocked plaintiff's path and, although plaintiff was aware that the sidewalk was "bumpier" than the street, with cracks and elevation differentials between the concrete slabs, she chose to rollerblade on the sidewalk instead of crossing the street or waiting for the truck to move. As she re-entered the street, she fell when her rollerblade hit a raised lip where defendants' driveway met the street.

"One who takes part in such a sport accepts the dangers that inhere in it so far as they are obvious and necessary, just as a fencer accepts the risk of a thrust by his [or her] antagonist or a

spectator at a ball game the chance of contact with the ball . . . A different case would be here if the dangers inherent in the sport were obscure or unobserved . . ., or so serious as to justify the belief that precautions of some kind must have been taken to avert them" (*Murphy v Steeplechase Amusement Co.*, 250 NY 479, 482-483; *see Morgan v State of New York*, 90 NY2d 471, 482-483). "Awareness of the risk assumed is 'to be assessed against the background of the skill and experience of the particular plaintiff' " (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657, quoting *Maddox v City of New York*, 66 NY2d 270, 278). Furthermore, "[i]t is not necessary to the application of [the doctrine of primary] assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox*, 66 NY2d at 278).

Here, given plaintiff's advanced skill level with respect to rollerblading and the choice of plaintiff to rollerblade on a surface that she knew to be uneven and bumpy, we conclude that she "assumed the risks inherent in the sport of roller[]blading, as well as those arising from the open and obvious condition of the [sidewalk and driveway] on which [she] was traveling" (*Sorice v Captree Homes*, 250 AD2d 755; *see Mor v Yeshiva Yesode Hatorah Nachlals Yakov*, 256 AD2d 393).

Entered: February 10, 2011 Patricia L. Morgan
Clerk of the Court