# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

547
CA 16-01883
PRESENT: PERADOTTO, J.P., LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

DAVID AHERN AND ARDIS AHERN,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

CITY OF SYRACUSE, DEFENDANT-APPELLANT.

---

ROBERT P. STAMEY, CORPORATION COUNSEL, SYRACUSE (MARY D'AGOSTINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

HARRIS & PANELS, SYRACUSE (MICHAEL W. HARRIS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered April 19, 2016. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries allegedly sustained by David Ahern (plaintiff) when he tripped and fell on a broken curb. Viewing the evidence in the light most favorable to plaintiffs (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503), we conclude that Supreme Court properly determined that plaintiffs raised an issue of fact sufficient to defeat defendant's motion seeking summary judgment dismissing the complaint. Defendant met its initial burden by establishing that it did not receive prior written notice of the allegedly dangerous or defective condition, and the burden therefore shifted to plaintiffs to demonstrate "as relevant here, that defendant affirmatively created the defect through an act of negligence . . . that immediately result[ed] in the existence of a dangerous condition" (*Simpson v City of Syracuse*, 147 AD3d 1336, 1337 [internal quotation marks omitted]). In opposition to the motion, plaintiffs submitted evidence that plaintiff was very familiar with the condition of the walk and curb both before and after excavation work performed by defendant inasmuch as he had parked on that street almost daily for approximately 10 years. Plaintiff testified that he observed the area immediately after construction fencing was removed and noticed that the curb had been damaged. Plaintiff also testified that no other repairs took place at the site from the time of the excavation until his fall approximately six months later. We therefore conclude that plaintiffs raised an issue of fact whether defendant's affirmative act of

negligence " 'immediately result[ed] in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d 726, 728; *cf. Duffel v City of Syracuse*, 103 AD3d 1235, 1236).

Contrary to defendant's further contention, it is not entitled to summary judgment because the alleged dangerous condition is open and obvious.  "The fact that a dangerous condition is open and obvious does not negate the duty to maintain premises in a reasonably safe condition, but, rather, bears only on the injured person's comparative fault" (*Bax v Allstate Health Care, Inc.*, 26 AD3d 861, 863; *see Custodi v Town of Amherst*, 81 AD3d 1344, 1346-1347, *affd* 20 NY3d 83).

Entered:  May 5, 2017                        Frances E. Cafarell
                                             Clerk of the Court