Jaques v Brez Props., LLC (2018 NY Slip Op 04490)





Jaques v Brez Props., LLC


2018 NY Slip Op 04490


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.


785 CA 18-00113

[*1]TINA M. JAQUES, PLAINTIFF-RESPONDENT,
v
BREZ PROPERTIES, LLC, DEFENDANT-APPELLANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOSEPH E. DIETRICH, III, WILLIAMSVILLE, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered September 14, 2017. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries that she allegedly sustained when she slipped on loose concrete and then caught her foot in a crack or groove in the pavement on property owned by defendant. Supreme Court denied defendant's motion for summary judgment dismissing the complaint, and we affirm.
We reject defendant's contention that the crack or groove that allegedly caused plaintiff's injuries is too trivial to be actionable. It is well settled that "the trivial defect doctrine is best understood with our well-established summary judgment standards in mind. In a summary judgment motion, the movant must make a prima facie showing of entitlement to judgment as a matter of law before the burden shifts to the party opposing the motion to establish the existence of a material issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]). In support of its motion, defendant submitted, inter alia, plaintiff's deposition testimony, and photographs of the pavement on which plaintiff allegedly fell, which depict cracked and spalled concrete. Defendant, however, failed to address that part of plaintiff's testimony in which she averred that she slipped on loose pieces of spalled concrete. Thus, based on the evidence of "the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance' of the injury" (Trincere v County of Suffolk, 90 NY2d 976, 978 [1997]), we conclude that defendant failed to meet its burden of establishing as a matter of law that the defect was trivial.
We also reject defendant's contention that it is entitled to summary judgment dismissing the complaint because the defect was open and obvious. "The fact that a dangerous condition is open and obvious does not negate the duty to maintain premises in a reasonably safe condition, but, rather, bears only on the injured person's comparative fault" (Bax v Allstate Health Care, Inc., 26 AD3d 861, 863 [4th Dept 2006]; see Custodi v Town of Amherst, 81 AD3d 1344, 1346-1347 [4th Dept 2011], affd 20 NY3d 83 [2012]; Ahern v City of Syracuse, 150 AD3d 1670, 1671 [4th Dept 2017]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court