Krutulis v Daiker's, Inc. (2024 NY Slip Op 03626)

Krutulis

2024 NY Slip Op 03626

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, KEANE, AND HANNAH, JJ.

362 CA 23-01084

[*1]MICHELLE KRUTULIS AND DAVID KRUTULIS, PLAINTIFFS-RESPONDENTS,
v
DAIKER'S, INC., DAIKER'S, INC., DOING BUSINESS AS DAIKER'S, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KEVIN E. LOFTUS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

Appeal from an order of the Supreme Court, Herkimer County (Mark R. Rose, J.), entered June 21, 2023. The order denied the motion of defendants Daiker's, Inc., and Daiker's, Inc., doing business as Daiker's, for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries that Michelle Krutulis (plaintiff) allegedly sustained when she tripped and fell on a step located between an outside porch and a deck at a restaurant operated by Daiker's, Inc. and Daiker's, Inc., doing business as Daiker's (collectively, defendants). Supreme Court denied defendants' motion for summary judgment dismissing the complaint against them, and we affirm.
We reject defendants' contention that the condition of the step that allegedly caused plaintiff's injuries is too trivial to be actionable. It is well settled that "the trivial defect doctrine is best understood with our well-established summary judgment standards in mind. In a summary judgment motion, the movant must make a prima facie showing of entitlement to judgment as a matter of law before the burden shifts to the party opposing the motion to establish the existence of a material issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]).
In support of their motion, defendants submitted, inter alia, plaintiff's deposition testimony and photographs of the area where plaintiff allegedly fell. The photographs depict a step located between the porch and the deck, which are at different levels. In her deposition testimony, plaintiff testified that the floorboards on the porch and deck levels were not only the same color, but were all facing the same way, and that the step led down from the porch to the deck, in the direction of a scenic view. In addition, one of the photographs submitted on the motion appears to reflect that, at least from the angle from which that photograph was taken, a person could be given the illusion that the porch and deck areas constitute a single-level deck area. Based on the evidence submitted on the motion, we conclude that defendants failed to meet their initial burden of establishing as a matter of law that the defect was trivial (see generally id.; Trincere v County of Suffolk, 90 NY2d 976, 977-978 [1997]).
Defendants also contend that they are entitled to summary judgment dismissing the complaint against them because the defect was open and obvious. We reject that contention. "The fact that a dangerous condition is open and obvious does not negate the duty to maintain premises in a reasonably safe condition but, rather, bears only on the injured person's comparative fault" (Bax v Allstate Health Care, Inc., 26 AD3d 861, 863 [4th Dept 2006]; see Custodi v Town of Amherst, 81 AD3d 1344, 1346-1347 [4th Dept 2011], affd 20 NY3d 83 [2012]; Ahern v City of Syracuse, 150 AD3d 1670, 1671 [4th Dept 2017]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court